### EZRA BIGELOW *vs.* ADAM DAWSON & others.

In an action of trespass to land lying adjacent to a railroad, for acts alleged to have been committed by the contractor for building the road, the contract between the railroad corporation and the defendants for building the same is admissible in evidence for the plaintiff.

IN this case, which was tried before *Mellen*, J., in the court of common pleas, and came to this court by exceptions, the material facts are stated in the opinion of the court.

*P. C. Bacon*, for the defendants.

*W. A. Williams*, for the plaintiff.

FLETCHER, J. This is an action of trespass for acts alleged to have been committed on lands of the plaintiff adjacent to the Worcester and Nashua railroad.

The defendants were the contractors for building the Worcester and Nashua railroad, and the plaintiff alleged, that the acts of trespass complained of were done by persons employed in building the road, and were procured and authorized to be done by the defendants, in the prosecution of the work under their contract. The defendants contended, that they had no connection with the acts of trespass complained of, and that they never requested or authorized them. The matter in controversy, therefore, between the parties, was, whether or not the defendants as such contractors, in the prosecution of their

work of building the road, had procured and authorized the acts of trespass of which the plaintiff complained. In the course of the inquiry as to this matter, the plaintiff offered in evidence the contract between the defendants and the railroad corporation, in regard to building the road, as tending to show, that the defendants authorized the acts of trespass, of which the plaintiff complained. The defendants objected to the introduction of this evidence, but the objection was overruled by the court, and the evidence admitted; to which ruling the defendants took exception.

The simple question presented in this case is, whether or not the contract was properly admitted in evidence. The contract was not a matter between other persons, to which the defendants were strangers, but it was the contract of the defendants themselves. As a general rule, certainly, the acts and declarations of parties themselves are admissible in evidence against them. The only objection, that can be perceived to the admission of this evidence, is, that it was irrelevant. But if irrelevant, it does not appear, that the defendants were or would be, in any way, prejudiced by it; and if it would have produced no injury to the party, it could hardly be regarded as furnishing sufficient ground for a new trial. But the contract cannot be regarded as irrelevant or incompetent evidence. The inquiry was as to what had been done by the defendants; and upon that inquiry, what they undertook to do by their contract must certainly be pertinent and proper evidence.

If the acts complained of were not such as the defendants would have occasion to do, or were not likely to do, or procure to be done, in the prosecution of their work, then the evidence of the contract would be in their favor; but if the acts were such as they would have occasion to do, and were likely to do, or cause to be done, in the fulfilment of their contract, then the evidence would be unfavorable to the defendants. What effect the contract would have upon the subject of inquiry, could not have been foreseen, when it was offered in evidence, and what effect it had cannot be made known, whether favorable or unfavorable; but as it was the act of the defendants, and by showing what they undertook to do, would

have a tendency to show, whether they did or did not know
or authorize the acts complained of by the plaintiffs, it was
clearly competent and admissible evidence, proper to be sub-
mitted to and weighed by the jury; and the exception must
therefore be overruled, and judgment rendered on the verdict