## Benjamin L. Swan & others *vs.* County of Middlesex.

On a question of the injury to an estate by taking part of it to widen a street, witnesses who testify that they have knowledge of the value of land in the town, some of them from sales or purchases by themselves, and some of them from knowing of sales by others, may be allowed to testify, in the absence of evidence that they are not properly qualified, whether the estate was injured or improved in value by the taking, though they have no actual knowledge of any other case where land has been taken for such purpose, and though they say on cross-examination that they have no special knowledge of the value of land more than the citizens generally.

On a question of the injury to an estate by widening a street in front of it, a witness testified that the widening would improve the estate. *Held,* that the refusal to allow him to be asked, on cross-examination, what would induce him to consent to have the street widened in front of his own house in another part of the town, formed no ground of exception.

PETITION to the county commissioners by Benjamin L. Swan and five others, heirs of Benjamin L. Swan, deceased, for a jury to estimate the damages sustained by taking, to widen High Street in Medford, a strip of land three feet and a half wide from the front of a lot on which was a dwelling-house; a fence and trees were on the strip taken. Trial before the sheriff of Middlesex, who returned with the verdict of the jury a certificate of his rulings as follows:

"At the trial the petitioners offered evidence tending to show the position of the fence, and the value of the trees to the occupants of the house, and also evidence tending to show the cost of removing the fence and trees; and rested their case. The respondents then called a number of witnesses, all of whom had

resided many years in Medford, and some been selectmen and assessors, and who all testified that they had knowledge of the value of land in Medford, some of them from actual sales or purchases by themselves, and some of them from knowing of sales by others; they all testified in reply to questions by the petitioners, that they had no actual knowledge of the effect produced upon the value of a dwelling-house and lot, in a single instance, by widening the street in front, and narrowing the ground in front of the house. The respondents then inquired of each of the witnesses, what, in his opinion, would be the effect upon the value of the estate in question, of widening the street, and cutting off the land and trees? To this question the petitioners objected, both upon the ground that the witnesses were not qualified as experts to answer the question, and because it was not a matter requiring any special knowledge in a witness as an expert, and therefore not a proper matter to be shown by an expert; but the witnesses were allowed to answer the question.

" The witnesses thus introduced by the respondents, and the testimony admitted against the objection of the petitioners, were as follows:

" Daniel Lawrence had lived in Medford a great many years; in his opinion the estate would be worth more for having the street widened and the trees cut off. He knew the value of land in the town and on High Street, from purchases by himself and by others, but did not know what effect had been produced on the actual value of any estate from widening the street and cutting off the trees, excepting as a matter of opinion.

" Luther Farwell had lived in the town many years and had been an assessor for two years, five or six years ago; knew of the value of land from knowing of sales; had known quite a number of sales on High Street; did not know of the effect actually produced upon the value of any estate in the town by widening the street and cutting off the front, though he had known of an estate so cut off on Mystic Street; thought the cutting off the front of this estate would improve the value of it. This witness, on cross-examination, stated that he had a

house and lot at the corner of two streets in another part of the town, the house standing about eight feet from the street. He was then asked what sum would induce him to consent to have the street widened in front of his land so as to bring the street two feet nearer to his house. This question was objected to by the respondents, and the sheriff refused to allow it to be put. To this refusal the petitioners excepted.

" Francis C. Foster had resided in Medford twenty-three or twenty-four years; had bought real estate and sold one house; had been selectman for two years, four or six years ago; thought the house would be worth more for the proposed alteration and cutting off.

" William B. Thomas had resided in Medford forty-eight years, and had bought and sold real estate; thought the value of the estate would be enhanced by the proposed cutting off. On cross-examination the witness said he did not know of any case where any actual increase in value had been caused by widening a street and cutting off the front of an estate.

" Nathan W. Bridge had no peculiar knowledge of the value of estates or the effect of cutting off the front, more than the citizens generally; had lived in Medford many years, and had been selectman two or three years, and knew the value of real estate; in his opinion the estate would be improved by the alteration.

" Peter C. Hall had been in Medford a great many years; had known of sales of real estate in Medford; had never been an assessor; did not think the estate was injured by the alteration. On cross-examination, he said he had no peculiar knowledge of the value of estates, more than citizens generally, it was very much a matter of fancy.

"Albert H. Butters had lived in Medford many years, and known of sales of real estate; had bought and sold; and had been selectman and assessor; had no special knowledge of the value of estates or of the effect of such alterations, more than the citizens generally; and did not know of the effect produced upon the value of any estates by widening the street and cutting off the front.

Swan & others *v.* County of Middlesex.

"All the above testimony given on the direct examination was admitted by the sheriff against the objection of the petitioners. No objections were made by the petitioners to the instructions given to the jury by the sheriff as to the rules of law applicable to the case."

The jury found for the petitioners, and assessed damages in the sum of twenty-five dollars. The verdict was accepted by the superior court; and the petitioners appealed.

*T. S. Harlow*, for the petitioners. 1. To qualify himself as an expert, the witness should have some peculiar knowledge or means of forming an opinion, beyond that possessed by the general public. The common knowledge, which most people have, does not render him competent. No one of the witnesses objected to professed to have any knowledge of the effect produced upon any estate by cutting it off to widen the street, or by widening the street. No one of them stated that he knew anything of the value of this estate. Not one of the last five witnesses stated that he knew anything of the value of real estate in that part of the town or on that street. Three of them, Hall, Bridge, and Butters, stated that they had no peculiar knowledge of the value of estates, or the effect of cutting them off, more than the citizens generally. Hall had never been an assessor, or bought nor sold real estate, and thought that all estimates in relation to it were " pretty much a matter of fancy." Knowledge of sales on this street would not be sufficient, if not in the vicinity, for the street is in fact nearly two miles long. Knowledge of the general value of estates in town did not qualify them to testify. The whole testimony amounted to putting in the public opinion of the town to influence the jury. *Flint* v. *Flint*, 6 Allen, 34. There is a clear distinction between proving the value of land, and proving the effect of such a cutting off as is shown in this case.

2. The witness Farwell, having testified that cutting off the front would improve the value of this estate, should have been permitted to answer the question put on the cross examination. It would have tested the sincerity of his opinion and shown its value.

*I. S. Morse,* for the respondents.

GRAY, J.   It is well settled in this Commonwealth that, when the value of real estate is in controversy, opinions of persons acquainted with its value are admissible in evidence.   These opinions are admitted, not as being the opinions of experts, strictly so called, for they are not founded on special study or training or professional experience; but rather from necessity, upon the ground that they depend upon knowledge which any one may acquire, but which the jury may not have, and that they are the most satisfactory, and often the only attainable, evidence of the fact to be proved.   *Dwight* v. *County Commissioners,* 11 Cush. 203.   *Shattuck* v. *Stoneham Branch Railroad Co.* 6 Allen, 116, 117.   *Whitman* v. *Boston & Maine Railroad,* 7 Allen, 316, and cases there cited.   The same rule has prevailed in courts of authority in other states.   *Kellogg* v. *Krauser,* 14 S. & R. 137.   *Warren* v. *Wheeler,* 21 Maine, 484.   *Clark* v. *Baird,* 5 Selden, 183.   The knowledge requisite to qualify a witness to testify to his opinion of the value of lands may either be acquired by the performance of official duty, as by a county commissioner or selectman, whose duty it is to lay out public ways, or by an assessor, whose duty it is to ascertain the value of lands for the purpose of taxation; or it may be derived from knowing of sales and purchases of other lands in the vicinity, either by the witness himself or by other persons.   *Dickenson* v. *Fitchburg,* 13 Gray, 546.   *Whitman* v. *Boston & Maine Railroad,* 7 Allen, 316.   *Russell* v. *Horn Pond Branch Railroad Co.* 4 Gray, 607.   *Fowler* v. *County Commissioners,* 6 Allen, 97.   On the question of the sufficiency of the knowledge of the witness, much must be left to the discretion of the judge or officer presiding at the trial.   *Paine* v. *Boston,* 4 Allen, 170.   *Shattuck* v. *Stoneham Branch Railroad Co.* 6 Allen, 117.   When the matter in issue is the assessment of damages to land by the laying out of a public way, witnesses having the requisite knowledge may testify to their opinion of the comparative value of the lands immediately before and after the taking, and to the effect of the taking upon the value of the remaining land, by way of injury or benefit.   *Dwight* v. *County Commissioners,* 11 Cush. 201.

*Shaw* v. *Charlestown*, 2 Gray, 107. *West Newbury* v. *Chase*, 5 Gray, 421. *Dickenson* v. *Fitchburg*, 13 Gray, 546. *Shattuck* v. *Stoneham Branch Railroad Co.* 6 Allen, 116, 117.

Applying these rules to the present case, we are of opinion that there is no ground for sustaining the petitioners' exceptions to the rulings of the sheriff. The only objections taken at the trial, so far as they applied to each of the witnesses, were to the admission of the question, " what in his opinion would be the effect, upon the value of the estate in question, of widening the street and cutting off the land and trees ? " and to the answer to this question given on direct examination. The grounds assigned for these objections were twofold, because the witnesses were not qualified to answer the question, and because it did not relate to a matter upon which the opinion of any witness would be admissible. Neither of these grounds is tenable.

Some of the witnesses had been selectmen or assessors, and all of the witnesses, it is stated in the sheriff's certificate, had resided many years in Medford, and testified " that they had knowledge of the value of land in Medford, some of them from actual sales or purchases by themselves, and some of them from knowing of sales by others; " and their additional testimony, as reported, does not show that either of them was not duly qualified. No objection appears to have been made at the trial on the ground of the distance of the lands so sold from the estate in question. The modest estimate which some of the witnesses placed upon the value of their own opinions, as compared with those of the citizens generally, did not make their testimony incompetent. The statement of Hall, that such knowledge " was pretty much matter of fancy," was made upon cross-examination, and it does not appear that the sheriff was thereupon requested to strike out his testimony.

The witnesses, being competent to testify t the value of the land affected before and after the alteration of the highway, might testify to the simple question of arithmetic which of those two values was the greater, in other words, whether the petitioners' estate was benefited or injured, although they had no actual knowledge of any particular case of widening a street by

cutting off land in front of a house. There is no ground for any distinction in this respect between a widening of a highway and the original laying out. The question put did not substantially differ in form from those held to be admissible in *Shaw* v. *Charlestown*, 2 Gray, 107, and *Dickenson* v. *Fitchburg*, 13 Gray, 546.

The question put to Farwell on cross-examination, as to what sum would induce him to consent to have the street widened in front of his house in another part of the town, was irrelevant, and its exclusion affords no ground of exception.

*Verdict accepted.*