LOUIS G. BERG *vs.* JAMES L. SPINK.

September 14, 1877.

**Witness—When Competent to Prove Market Value.**—To entitle a witness to testify to the value of a thing which is of such a nature as to have a current or market value, he must be acquainted with the value of things of the class to which the thing, whose value is in question, belongs.

Appeal by defendant from an order of the municipal court for the city of Minneapolis, *Cooley*, J., presiding, denying a motion for a new trial.

*Whytock & Albaugh*, for appellant.

*Arctander & Reynolds*, for respondent.

BERRY, J. Upon the issues in this case one question was as to the value in the city of Minneapolis of the use of a certain horse as a carriage horse, in the months of June, July and August, 1875. Perry, a witness called by defendant, testified as follows, viz.: "I know the parties and knew the horse in question. He was very thin and poor when left with defendant, and smoother and fatter when taken away. I drove a horse at this time—had a horse that I drove from nine to twelve miles every day, about town, at carriage. I had, at time mentioned, a number of horses offered me for my use; I could get all the carriage horses I wanted to use for their keeping. I have hired horses for use in teams; have inquired about their use, and had them offered to me at different times, about August, 1875, in town. I know the value of the use of a carriage horse."

On cross-examination witness testified: "Am book-keeper. Drove horses about time mentioned, nine to twelve miles per day. I remember three horses that were offered to me at this time for use. This is all I know of the value of the use of horses in Minneapolis at that time." The witness was then asked by the defendant: "What was the value of the use of the horse?" The exclusion of this question by the trial court is the only error assigned here. The opinion of wit-

nesses upon questions of value are admissible testimony; but, as in other cases of opinions admissible in evidence, they are competent upon the ground that the witness is qualified to form a rational opinion in the premises. He must be acquainted with the value of which he proposes to speak. *Swan* v. *County of Middlesex*, 101 Mass. 173; *Clark* v. *Baird*, 9 N. Y. 183. Where the thing whose value is in question is of a nature to possess a current price or market value, such current price or market value is in law the true value. To entitle a witness to testify to the value of such thing, he must therefore be acquainted with the current or market value of things of the class to which it belongs. This is a general rule, in the application of which much must of course be left to the sound discretion of a trial judge. *Burger* v. *Northern Pacific R. Co.* 22 Minn. 343; *Swan* v. *County of Middlesex, supra.*

In applying the rule to the case at bar it is to be presumed that in a considerable city like Minneapolis the use of anything in as common use as a carriage horse possesses a market value, a current price, and that there can be no practical difficulty in showing what it is. A witness who is produced to swear what the value of such use is, should therefore show himself acquainted with the current or market value of such use. The witness Perry, in the case at bar, having failed to come up to this requirement, the exclusion of his proposed testimony of the value of the carriage horse was not error.

Order affirmed.