(51 App. Div. 268.)

## FRIEDMAN v. BRESLIN.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. INNKEEPERS—LOSS OF JEWELRY—CLERK'S AUTHORITY—APPEAL.

Where, in an action against a hotel proprietor for jewelry stolen from a trunk in his guest's room, the jury found, on sufficient evidence submitted without objection, that defendant's room clerk, who received the keys of both trunk and room during the guest's temporary absence, and assured her that the jewelry would be safe, was plaintiff's manager, such finding was conclusive on appeal.

2. SAME—STATUTORY EXEMPTION—WAIVER—INNKEEPERS.

Where defendant's hotel manager authorized a guest to leave jewelry in her trunk in her room, which was stolen during her temporary absence

from the hotel, defendant was not entitled to exemption from liability for its value, under Laws 1892, c. 284, declaring that if a hotel proprietor shall provide a safe place for the keeping of his guests' jewelry, and shall notify them of such fact, he shall not be liable for its loss when not delivered to the person in charge thereof, since the clerk's act constituted a waiver of the statute.

3. SAME—INSTRUCTIONS—PREJUDICE.

Where a hotel proprietor authorized a guest to leave jewelry in a trunk in her room, and the jewelry was stolen during her temporary absence, an instruction, in an action to recover its value from such proprietor, that defendant was liable for negligence only, and not as an insurer, was not prejudicial error.

4. SAME—DAMAGES—EVIDENCE—COMPARISON.

In an action against a hotel proprietor to recover for jewelry stolen from a guest, it was proper to call attention to a ring worn by the guest at the trial for the purpose of comparison with some of the jewelry lost, as a foundation for expert opinion as to the value of diamonds alleged to have been stolen.

5. SAME—TRIAL—EVIDENCE—OBJECTIONS—INSUFFICIENCY—APPEAL.

In an action against a hotel proprietor to recover for jewelry stolen from a guest, defendant objected to a question asked the guest as to whether she had shown the diamonds in a ring worn by her at the trial to W., an expert, on the ground that it was incompetent, irrelevant, and immaterial, which objection was overruled. *Held*, that since the question was competent, as furnishing means of comparison with the jewels lost, the objection, being general, was properly overruled, though the evidence might have been excluded under proper objection, on the ground that W. had not at the time the question was asked been shown to be an expert.

Appeal from trial term, Westchester county.

Action by Frank A. Friedman, assignor of Bertha Myers, against James H. Breslin, to recover the value of jewelry stolen from a hotel. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Samuel S. Thomas, for appellant.
Emanuel J. Myers, for respondent.

WOODWARD, J. A review of this case discloses no sufficient reason for a reversal of the judgment or order appealed from. Bertha Myers, plaintiff's assignor, about August 1, 1898, applied to the hotel conducted by the defendant for board, and thereafter became a guest of the hotel. She had some jewelry with her, which at various times she deposited in the office safe, until upon a certain occasion, when she was about to leave the hotel for a few hours, at the suggestion of the clerk, the jewelry was left in her trunk in her room, the keys of the room and of the trunk being left in the custody of the clerk, who agreed to look after them, and who assured her that the jewels would be safe. There was some conflict of evidence upon this point, but the jury has decided that the plaintiff's version is true, and there is evidence to support the conclusion. Plaintiff's assignor was absent from the hotel from 8 o'clock in the morning until about 1 o'clock in the afternoon, and on going to her trunk early in the evening the jewels were missing. This action was brought to recover the value of the jewelry. The jury found a verdict for the plaintiff, and from the judg-

ment entered upon this verdict, and from an order denying a motion for a new trial, appeal comes to this court.

It is urged by the defendant that the clerk of the hotel had only limited authority; that he was merely a rooming clerk, who was not authorized to give plaintiff's assignor any assurance as to the safety of her jewels, except as they were deposited in the office safe; but there was evidence in the case from which the jury might properly find that the clerk was in fact the manager, and this question was submitted to the jury without exception on the part of the defendant, and the verdict is conclusive upon this point.

We are of opinion that the provisions of chapter 421 of the Laws of 1855, as amended by chapter 227 of the Laws of 1883, and by chapter 284 of the Laws of 1892, have no relation to the facts presented by the record on this appeal. That statute was enacted for the protection of proprietors of hotels; but if the rooming clerk was the manager of the hotel, and authorized the plaintiff's assignor to leave her jewelry in her room, he must be deemed to have waived any rights which the defendant might have had under the law. It is well established in this state that a party may waive a statutory, and even a constitutional, provision made for his benefit, and that, having once done so, he cannot afterwards ask for its protection. In re Cooper, 93 N. Y. 507, 512, and authorities there cited.

The learned court at trial term refused to hold the defendant to the common-law liability as an insurer, but charged the jury that the defendant was only liable for negligence, which was as favorable to the defendant as the law would permit.

The objection that the evidence of value was improperly proven does not seem to be sustained by the record. We think that under the rule laid down in Berney v. Dinsmore, 141 Mass. 42, 5 N. E. 273, it was competent for the plaintiff to call attention to the ring worn by his assignor for the purpose of comparison with some of the jewels lost, and as a foundation for the opinion of an expert as to the probable value of the diamonds which were alleged to have been stolen. We are also of opinion that the objection to the question, "Have you shown the diamonds in the ring you have on to Mr. Wise, an expert?" did not call the attention of the court to the point now urged, that Mr. Wise had not at that time been shown to be an expert. The objection was that the question was "incompetent, irrelevant, and immaterial," and as the evidence was clearly competent as a means of comparison, and was not objected to because of its form, the ruling of the court will not be disturbed. The objections having been specified, the ruling must rest upon the objections stated, unless the evidence was in no aspect of the case competent. Tooley v. Bacon, 70 N. Y. 34, 37. In the case at bar Mr. Wise was afterwards put upon the stand, and testified as an expert, without objection upon that score, and no right of the defendant was infringed by the form of the question under discussion which would warrant interference on the part of this court. The judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.