### GRAY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. May 1, 1902.)

1. OPINION EVIDENCE—ABORTION—APPEARANCE OF FETUS.

In an action for injuries which plaintiff claimed to have resulted in an abortion, the testimony of a woman who had had a miscarriage herself, and had attended others who had them, was admissible to show that the purported fetus which came from plaintiff was similar in appearance to the one which came from herself; the subject being one as to which the jury were not supposed to have the same degree of knowledge as the witness, and thus within the exceptions to the rule against opinion evidence.

2. EXAMINATION OF WITNESSES—QUERY BY WITNESS—ASSUMING FACTS IN ISSUE—FAILURE TO OBJECT.

In an action for injuries claimed to have resulted in an abortion, plaintiff, in asking her counsel a question for the purpose of better understanding one which had been put to her, assumed that she had had an abortion, but no objection was made until after plaintiff had answered the main question, and her answer thereto was competent. *Held*, that the interjected query was in the case without objection or exception, and refusal to grant a motion to strike it out, made after the main question had been answered, was not error.

3. WITNESSES—CONTRADICTION OF ONE'S OWN WITNESS.

Though a party is generally precluded from impeaching the general reputation of his own witness for truth, and cannot impugn his credibility by general evidence tending to show him to be unworthy of belief, he is not precluded from proving the truth of any particular fact by any other competent testimony, though in direct contradiction to the testimony of his own witness, and though the evidence establishing such fact may collaterally tend to show that such witness was unworthy of belief.

4. EVIDENCE—HYPOTHETICAL QUESTIONS—FORM AND SUFFICIENCY.

It is not necessary that the facts recited in a hypothetical question shall be established beyond all controversy, but is enough if they are

supported by some evidence; and in asking such questions counsel may base them on either the whole or any part of the evidence, and may assume the facts as they claim them to exist, and an error in such assumption does not make the question objectionable, if within the possible range of the evidence.[1]

Appeal from trial term, Kings county.

Action by Malvine Gray against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

I. R. Oeland (Charles L. Woody, on the brief), for appellant.

Henry Escher, for respondent.

WOODWARD, J. This action seeks to recover damages for personal injuries due to a collision between two cars of the defendant company, at a street intersection, by which the plaintiff, a passenger in one of the cars, claims to have been thrown against an adjacent seat in such a manner as to produce injuries resulting in an abortion nine days after the accident. Upon the motion of defendant to set aside the verdict, the learned justice who presided at the trial said:

"The evidence in this case is not such as to satisfy me that the plaintiff is entitled to recover. Still there is a conflict of evidence which I think was sufficient to warrant the submission of the case to the jury, and I cannot say that the evidence so strongly preponderates in favor of the defendant as to justify me in setting aside the finding of the jury thereon, and for that reason I feel constrained to deny the defendant's motion."

In this view of the trial court we are in full accord, and it only remains to examine the exceptions.

It is urged that certain evidence elicited from one Hannah O'Connor constitutes reversible error, it having been received over the defendant's objection and exception. This witness testified: "I have attended others who have had a miscarriage. My own daughter-in-law in this country had three. The first she had was two months and a half. Then she had one nine weeks, and the doctor took that away from her. My own was five weeks, that I had. I saw the one I had." She was then asked: "How did that compare with the one you saw from Mrs. Gray?" This was objected to, on the ground that "it is incompetent, irrelevant, and improper, instituting comparison." The court: "I will allow her to testify, if she can, that it was similar in appearance to what passed from her." To this defendant took an exception, and the witness answered: "It was like mine. Mine was five weeks, because I know it was, for my husband only came home— It looked a small round substance, more like a jelly matter." We are unable to discover anything improper in this evidence. So far as it expressed any opinion on the part of the witness, by way of comparison, the nature of the subject to be investigated could not be so described in language as to enable per-

---

[1] See Evidence, vol. 20, Cent. Dig. §§ 2370, 2371; 1897 Dig. § 186 [a, b, c, d]; 1898 Dig. § 218 [c, d, f]; 1899 Dig. § 207 [a, d]; 1899B Dig. § 275 [a]; 1900A Dig. § 293 [a]; 1900B Dig. § 243 [a, d].

sons, not eyewitnesses, to form an accurate judgment in regard to it
(De Witt v. Barly, 17 N. Y. 340, 342); and this woman who had
passed through an abortion herself, had attended others, and had
seen what had passed from herself, as well as from the plaintiff, was
qualified to say whether the emission from the plaintiff was similar
to that which she had seen. There are many exceptions to the gen-
eral rule that the testimony of witnesses must be confined to facts,
but they all proceed on the principle that the question is one of skill
or science, or has reference to some subject upon which the jury
are not supposed to have the same degree of knowledge with the
witness. Clark v. Baird, 9 N. Y. 183, 190. The class of cases re-
ferred to is very extensive. It embraces questions of handwriting,
and of the identity of persons and of things as well as of value. Ques-
tions, too, in relation to the age of absent persons obviously fall
within this rule. No mere description of the wrinkles of the face,
of the tones of the voice, or the color of the hair would be likely
to convey any very accurate impression as to the precise age of the
person described (De Witt v. Barly, 17 N. Y. 343, 344); and it is en-
tirely obvious that the testimony of this witness in respect to the pas-
sage from the plaintiff, in comparison with that which she had wit-
nessed in her own case, was intended to give a better idea of the
true state of affairs than could be gathered from any mere descrip-
tion of the passage. No authority is pointed out which condemns
a comparison under the circumstances of this case. In Friedman v.
Breslin, 51 App. Div. 268, 270, 65 N. Y. Supp. 5, this court held that
it was proper to call the attention of a witness to the ring worn
by his assignor for the purpose of comparison with some of the
jewels alleged to have been lost as the foundation for the opinion
of an expert as to the probable value of such gems. We think the
evidence was competent and proper, and this extends equally to the
corroborative testimony of the daughter of the witness here dis-
cussed, and who had undergone two or three miscarriages.

There is no merit in the suggestion of the appellant that there was
error in refusing to strike out the question of a witness to counsel for
the purpose of a better understanding of the question which had been
put to her, in which the witness (the plaintiff) assumed that she had
had an abortion. There was no objection to the remark of the wit-
ness, and the motion to strike out was not made until after the wit-
ness had answered the main question. This answer was competent,
and the interjected query of the witness, if it had any force as evi-
dence, was in the case without objection or exception.

On the direct examination of Mrs. O'Connor, plaintiff's witness,
she was asked this question: "The doctor testified yesterday that he
examined this?" The witness responded: "He did not. I am here
on my oath, and what I say is the truth, and nothing but the truth, to
the best of my belief." Defendant's counsel moved to strike this an-
swer out on the ground that impeaching plaintiff's own witness was
not permissible. The motion was denied, and an exception was taken.
While it is true that a party calling a witness is generally precluded
from impeaching his general reputation for truth, and may not impugn
his credibility by general evidence tending to show him to be unworthy

of belief, it is not to be doubted that a party calling a witness is not precluded from proving the truth of any particular fact by any other competent testimony in direct contradiction to what such witness may have testified; and this not only where it appears that the witness was innocently mistaken, but even where the evidence may collaterally have the effect of showing that he was generally unworthy of belief. I Greenl. Ev. (Redfield's Ed.) 442, 443, and authorities cited in note 2; Brolley v. Lapham, 13 Gray, 294, 297, and authorities there cited.

We are asked to hold that the objection to a certain hypothetical question addressed to a physician called by the plaintiff should have been sustained. The question recited matters which had been given in evidence, and the witness was asked if he, could state with reasonable certainty whether these things "would produce the condition of the cervix that I have described, to wit, an inflamed and swollen condition." This was objected to on the ground that "it is immaterial, irrelevant, improper, not stating the facts, assuming facts not in evidence, and leaving out facts in the evidence, and improper in form." This was overruled, the defendant excepted, and the witness answered, "It would."

The point which counsel appears to insist upon is that the facts set forth in the hypothetical question had not been established by competent evidence. We have examined the authorities cited in support of the many contentions of the defendant, but we are persuaded that the hypothetical question was properly put, in so far as any of the objections urged are concerned. It is not necessary that the facts alleged in a hypothetical question shall be established beyond all controversy; it is enough if they are supported by some evidence. The rule is well established that in asking hypothetical questions, for the purpose of obtaining the opinions of experts, counsel may assume facts as they claim them to exist; and an error in the assumption does not make the interrogatory objectionable, if it is within the possible or probable range of the evidence. Harnett v. Garvey, 66 N. Y. 641; Stearns v. Field, 90 N. Y. 640; Wintringham v. Hayes, 144 N. Y. 1, 5, 38 N. E. 999, 43 Am. St. Rep. 725. In framing a hypothetical question, counsel may base it upon the hypothesis of the truth of all of the evidence, or upon an hypothesis especially framed on certain facts assumed to be proved for the purpose of the inquiry. The question is not improper simply because it includes only part of the facts in evidence. If framed upon the assumption of certain facts, counsel may assume the facts in accordance with his theory of them, it not being essential that he should state the facts as they actually exist, provided there is proof sustaining those upon which the question is based. He may assume any state of facts which there is evidence to prove, and have the opinion of the expert upon the facts assumed. Cole v. Coal Co., 159 N. Y. 59, 68, 53 N. E. 670, and authorities there cited. The claim is that a hypothetical question may not be put to an expert unless it states the facts as they exist. It is manifest, if this is the rule, that in a trial where there is a dispute as to the facts, which can be settled only by the jury, there would be no room for a hypothetical question. The very meaning of the word is that it supposes, assuming something

tor the time being. Each side, in an issue of fact, has its theory of what is the true state of the facts, and assumes that it can prove it to be so to the satisfaction of the jury, and, so assuming, shapes hypothetical questions to experts accordingly. And such is the correct practice. Cowley v. People, 83 N. Y. 464, 470, 38 Am. Rep. 464, and authorities there cited. The witness was an expert, the facts assumed in the hypothetical question were in some measure supported by the evidence, and the question was proper to be asked and answered; it remaining for the jury to determine whether the assumed facts were established by the evidence, and what weight should be given to the opinion of the witness.

It does not seem necessary to consider this matter further. We have examined the exceptions urged, and do not find any reason for reversing the judgment. That we might come to a different conclusion if we were to pass upon the evidence is no reason for disturbing the judgment, unless we are convinced that the jury has mistaken its province, and has been governed by improper motives. If the plaintiff was injured in the manner claimed, and to the extent which the evidence would justify the jury in believing, the amount of the verdict is not excessive, and, no reversible error appearing, we have only to affirm the judgment. The judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.