### GRAY v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. May 1, 1902.)

HUSBAND AND WIFE—INJURIES TO WIFE—SEPARATE ACTION—TRIAL—CONFLICTING VERDICTS—EFFECT.

An action by a wife for personal injuries and an action by her husband for loss of services resulting from such injuries were tried at the same time, before the same jury, and were submitted on the same evidence. A verdict was returned for the wife and against the husband, though the instructions stated that if the wife was injured and suffered both parties were entitled to verdicts. The judgment for the wife was affirmed on appeal. *Held*, that the verdict against the husband was so irreconcilable with the verdict for the wife that a judgment on the former verdict would be set aside, and a new trial granted.

Appeal from trial term, Kings county.

Action by Louis Gray against the Brooklyn Heights Railroad Company. From a judgment for defendant and an order denying a new trial, the plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry Escher, for appellant.
I. R. Oeland, for respondent.

HIRSCHBERG, J. This action is brought by the husband of Malvine Gray to recover damages alleged to have been sustained by him by reason of personal injuries alleged to have been inflicted upon

his wife by the defendant's negligence. His wife also brought an action against the defendant in her own name for the purpose of recovering a sum of money by way of compensation for the personal injuries so inflicted upon her. Both actions were tried at the same time, before the same jury, and submitted together upon the same evidence. The jury rendered a verdict in favor of the wife for a substantial amount, but rendered a verdict against the husband in favor of the defendant. The judgment entered in favor of the wife has been affirmed upon appeal by this court. See Gray v. Railroad Co., 76 N. Y. Supp. 20. This appeal presents the question whether, under such circumstances, the verdict rendered against the husband may be permitted to stand.

In determining this appeal we are not at all concerned with the question whether, upon separate trials or under peculiar and exceptional conditions, a verdict in favor of the wife and one against the husband might not be so supported, respectively, as to be each upheld. The question here is whether, in a case where the husband and wife are living together in apparent harmony, upon a single trial two conflicting results reached on precisely the same evidence may be lawfully approved, and our conclusion is that such approval would be illogical and unjust. This view is in accord with the decision in the case of Hyatt v. Railroad Co., 6 Hun, 306.

The primary action is, of course, that of the wife. The husband's action is a corollary. It cannot be said that a wrong has been inflicted upon the wife by occasioning to her serious personal injuries without at the same time inflicting upon the husband some injury, as the legal burden of her care rests upon him, and as in accordance with the nature and extent of her injuries he is deprived measurably of her aid and companionship. The gist of his claim is the loss of his wife's service. As was said by the court in Butler v. Railway Co., 143 N. Y. 417, 420, 38 N. E. 454, 455, 26 L. R. A. 46, 42 Am. St. Rep. 738:

"The term 'service' in actions of this character includes any pecuniary injury suffered by the husband from having been deprived of the aid, comfort, and society of his wife, or which reasonably may be expected to result in the future, including charges and expenses incurred or which he may be put to in consequence of the wrong. Cooley, Torts, p. 266 (*226). The wife has her own action for her physical injury, and for the pain and suffering to which she has been or will be subjected. The husband's action is for the consequences affecting his estate, and for depriving him of the aid, society, and companionship of his wife, which, except for the wrong, he might reasonably expect to enjoy."

It necessarily follows that the same jury passing upon the same evidence could not consistently say that injury to the person of the wife constituted no wrong as against the husband. In this case the verdict was also in direct conflict with the charge of the learned trial justice. In submitting the two cases together he said to the jury:

"You have to dispose of two actions by your verdict, one by the husband, and one by the wife, for injuries alleged to have been sustained by the wife by reason of a collision of two of the defendant's cars, which resulted, as these plaintiffs claim, in serious and permanent injuries to the wife. If you come to the conclusion that she has suffered by reason of that collision, that she has been injured, then each of these parties is entitled to a verdict; the husband for the loss of services, the loss of companionship, 'consortium,' as it

is called, of the wife,—the injury that is inflicted upon him by reason of the disability that it is claimed she has incurred."

This charge was an accurate statement of the law, which the jury manifestly disregarded, to the prejudice of the appellant, and, the judgment in favor of the wife having been sustained upon appeal, justice requires a new trial in the husband's case. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.