LOUIS GRAY, Appellant, v. THE BROOKLYN HEIGHTS RAILROAD
COMPANY, Respondent.

*Actions by a wife and by her husband for an injury to the former, tried together — a
verdict against the husband, not sustained where a verdict is rendered in favor of
the wife.*

Where a wife, living in apparent harmony with her husband, sustains personal
injuries in consequence of the alleged negligence of a railroad company, and
the husband and the wife each bring an action against the railroad company
to recover the damages sustained by them respectively, which actions are tried
together and are submitted to the jury upon the same evidence, and the jury
find a verdict in favor of the wife for a substantial amount and render a verdict
against the husband, and the judgment entered upon the verdict in favor of
the wife is affirmed upon appeal, the judgment entered upon the verdict
against the husband will be reversed.

APPEAL by the plaintiff, Louis Gray, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of Kings on the 26th day of July, 1901,
upon the verdict of a jury, and also from an order bearing date the
6th day of September, 1901, and entered in said clerk's office, deny-
ing the plaintiff's motion for a new trial made upon the minutes.

Henry Escher, Jr., for the appellant.

I. R. Oeland and George D. Yeomans, for the respondent.

HIRSCHBERG, J.:

This action is brought by the husband of Malvine Gray to recover
damages alleged to have been sustained by him by reason of per-
sonal injuries alleged to have been inflicted upon his wife by the
defendant's negligence.   His wife also brought an action against the
defendant in her own name for the purpose of recovering a sum of
money by way of compensation for the personal injuries so inflicted
upon her.   Both actions were tried at the same time before the
same jury, and submitted together upon the same evidence.   The
jury rendered a verdict in favor of the wife for a substantial
amount, but rendered a verdict against the husband in favor of the
defendant.   The judgment entered in favor of the wife has been
affirmed upon appeal by this court. (See *Gray* v. *Brooklyn Heights*

*R. R. Co.*, 72 App. Div. 424.) This appeal presents the question whether, under such circumstances, the verdict rendered against the husband may be permitted to stand.

In determining this appeal we are not at all concerned with the question whether, upon separate trials or under peculiar and exceptional conditions, a verdict in favor of the wife and one against the husband might not be so supported respectively as to be each upheld. The question here is whether, in a case where the husband and wife are living together in apparent harmony, upon a single trial two conflicting results reached on precisely the same evidence may be lawfully approved, and our conclusion is that such approval would be illogical and unjust. This view is in accord with the decision in the case of *Hyatt* v. *N. Y. Cen. & H. R. R. R. Co.* (6 Hun, 306).

The primary action is, of course, that of the wife. The husband's action is a corollary. It cannot be said that a wrong has been inflicted upon the wife by occasioning to her serious personal injuries without at the same time inflicting upon the husband some injury, as the legal burden of her care rests upon him and as, in accordance with the nature and extent of her injuries, he is deprived measurably of her aid and companionship. The gist of his claim is the loss of his wife's services. As was said by the court in *Butler* v. *M. R. Co.* (143 N. Y. 417, 420), " The term service in actions of this character includes any pecuniary injury suffered by the husband from having been deprived of the aid, comfort and society of his wife, or which reasonably may be expected to result in the future, including charges and expenses incurred, or which he may be put to in consequence of the wrong. (Cooley on Torts, p. 266 [226].* ) The wife has her own action for her physical injury and for the pain and suffering to which she has been or will be subjected. The husband's action is for the consequences affecting his estate and for depriving him of the aid, society and companionship of his wife, which, except for the wrong, he might reasonably expect to enjoy."

It necessarily follows that the same jury passing upon the same evidence could not consistently say that injury to the person of the wife constituted no wrong as against the husband. In this case the

---

* 2d edition.— [REP.

verdict was also in direct conflict with the charge of the learned trial justice. In submitting the two cases together he said to the jury: "You have to dispose of two actions by your verdict — one by the husband and one by the wife — for injuries alleged to have been sustained by the wife by reason of a collision of two of the defendant's cars, which resulted, as these plaintiffs claim, in serious and permanent injuries to the wife. If you come to the conclusion that *she* has suffered by reason of that collision, that *she has been injured*, then *each* of these parties is *entitled to a verdict;* the husband for the loss of services, the loss of companionship, consortium, as it is called, of the wife, the injury that is inflicted upon him by reason of the disability that it is claimed she has incurred."

This charge was an accurate statement of the law, which the jury manifestly disregarded to the prejudice of the appellant, and the judgment in favor of the wife having been sustained upon appeal, justice requires a new trial in the husband's case.

The judgment and order should be reversed.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.