HENRIETTA C. MOTTON *vs.* WILLIAM H. SMITH, EXR.

PROVIDENCE—MARCH 17, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)  *Evidence. Expert Testimony.*

A party is not qualified, merely because of ownership of articles in controversy, to testify to their value, but the fact of the competency of the witness to form an opinion on the question of value should be first established.

APPEAL from decree of Probate Court confirming report of commissioners on claim of appellant against estate of testatrix of appellee. Heard on motion of appellee for new trial, and granted.

PER CURIAM. A considerable part of the plaintiff's claim was for certain articles of jewelry which she said the defendant's testatrix had taken from her and never returned. She was allowed to state, against the defendant's objection, the value of these articles, amongst others two diamond rings, one a gift to her father, and the other an heirloom in the family, which she testified were worth $100 each; a pearl and emerald ring, which she said was worth $75; a pair of gold bracelets, $10; pearl opera glasses, $10; locket and chain, $15. The witness was not shown to have any knowledge of the value of such articles, but her estimate of their value was admitted because she claimed to have been the owner of them. This was manifest error. The exact question arose in *Gregory*

v. *Fichtner,* 27 Abbott New Cas. 86. A witness had been
allowed by the trial court to state the value of jewelry which
she claimed had been converted by the defendant's testator.
The court, Pryor, J., says: "As a condition of the admissi-
bility of her opinion it was necessary to show that she was
competent to form an opinion; in other words, that she was an
expert on the value of jewelry. That a witness can not testify
as an expert unless he be an expert, is elementary law and
familiar practice (7 Am. & Eng. Ency. L. 514). Yet, here,
without any evidence whatever of her qualification to speak
as to the value of the jewelry, the plaintiff was allowed to state
the value as $1,857." And the court, for this and other errors,
granted a new trial. See also *Berg* v. *Spink,* 24 Minn. 138;
*Allen* v. *Kirk,* 81 Ia. 658; *Ill. Cent. R. R. Co.* v. *Copeland,* 24
Ill. 332; *Buffum* v. *N. Y. & B. R. R. Co.,* 4 R. I. 221; *Brown*
v. *Prov. & Springfield R. R. Co.,* 12 R. I. 238.

The defendant's exception to the admission of this testimony
must be sustained. Inasmuch as a new trial must be granted
upon this ground, we express no opinion as to the weight of
the evidence or the newly discovered evidence which the de-
fendant may introduce at the next trial.

A new trial is granted, and the case will be remanded to the
Common Pleas Division for further proceedings.

*George T. Brown,* for appellant.

*Van Slyck & Mumford,* for appellee.