BUFFALO GRAIN CO., Respondent, v. SOWERBY et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 4, 1908.) Appeal from Trial Term. Action by the Buffalo Grain Company against George F. Sowerby, as president, etc., and others. From a judgment for plaintiff, defendants appeal. Affirmed.

PER CURIAM. Order affirmed, with costs.

KRUSE, J. (dissenting). I am unable to concur in the decision about to be made, affirming the judgment and order appealed from. The action is brought to recover the value of certain grain owned by the plaintiff and stored in an elevator, which collapsed and the grain was destroyed. The defendants Western Elevating Association and George F. Sowerby Company in form issued the warehouse receipt for the grain, and the defendants Wheeler were the owners of the elevator. The complaint alleges that the defendants received the grain, that the defendants and each of them agreed to redeliver it upon demand, and that the elevator was of defective construction and insecure, and charges each of the defendants with the same negligent acts regarding the defective construction and the unsafe condition of the elevator. In submitting the case to the jury, the learned trial judge placed the liability of each of the defendants upon precisely the same ground. He was requested to charge the jury that the defendants Wheeler, the owners of the elevator, were not warehousemen as regards the plaintiff; but he

refused so to charge. The theory upon which the case was tried and submitted was that all of the defendants were warehousemen and equally responsible for the defective construction and insecure condition of the elevator and the safe-keeping of ' the grain. After deliberating for some time, the jury returned into court and inquired whether, if a verdict was found for the plaintiff, it would be directly against the defendants Wheeler, or against the "elevator pool," as the foreman characterized the other defendants. The jury were told in effect that the verdict must be against all the defendants. The jury again retired, and were out all night without agreeing upon a verdict. In the morning they were sent for by the presiding justice, and instructed, without otherwise modifying his charge, that they might bring in a verdict against any or all of the defendants, to which the defendants excepted, and very soon thereafter the jury rendered a verdict of no cause of action in favor of the defendants Wheeler and a verdict for the full value of the grain against the other defendants. The effect of the verdict was to negative all acts of negligence charged against the defendants Wheeler. If that was correct, it is difficult to perceive upon what ground the other defendants could be held liable, since, if the owners were not negligent in constructing the elevator, or in keeping it in proper repair, or in ascertaining its insecure condition, how could it be said that the other defendants were chargeable with negligence in that regard? In view of the allegations of the complaint, the theory upon which the case was submitted, and the evidence in the case, I do not see how the jury could consistently find, or be permitted to find, a verdict in favor of the defendants Wheeler, and not in favor of the other defendants. I think the findings of the jury are so inconsistent, and the verdict so illogical, that it ought not to stand. Hyatt v. N. Y. C. & H. R. R. R. Co., 6 Hun, 306; Gray v. Brooklyn Heights R. R. Co., 72 App. Div. 454, 76 N. Y. Supp. 24; People v. Munroe, 190 N. Y. 436, 83 N. E. 476. I think the verdict should be set aside, and a new trial granted.