## GLENNON v. TRAVELERS IN-DEMNITY CO.

### No. 1247.

Municipal Court of Appeals District of Columbia.

Argued Aug. 20, 1952.

Decided Sept. 15, 1952.

Harvey L. Rabbitt, Washington, D. C., for appellant.

Allan C. Swingle, Washington, D. C. (Edwin A. Swingle and Ernest A. Swingle, Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Plaintiff was a residence employee of one Hill to whom defendant insurance company had issued a "Residence and Outside Theft Policy," providing insurance to the insured and his residence employees against loss by theft, including mysterious disappearance, of personal property. A ring belonging to plaintiff was stolen, or mysteriously disappeared, and she sued to recover its value, claiming $2,000 therefor.

At trial plaintiff testified that the ring was a lady's dinner ring, containing nineteen diamonds in a platinum setting; that one of the diamonds weighed approximately 68 points or 68/100 of a carat and it was surrounded by eighteen smaller diamonds weighing approximately 5 points each or a total of 90 points; that the ring had been given to her about twenty years before and she did not know its cost; that her knowledge of the weight of the diamonds was obtained from a description given her by a loan society in New York to whom she had once pledged the ring for a loan of $50, which was all she had requested; that the loan society had described the ring as containing "One diamond weighing approximately 68 points and 18 diamonds totaling approximately 90 points," but had made no statement as to the value or quality of the diamonds. Plaintiff further testified she had no expert knowledge of diamonds and had never bought or sold one.

Plaintiff was asked to give her opinion as owner of the value of the ring. Defendant objected to the question and the objection was sustained.

A witness for plaintiff, who qualified as an expert on gems and jewelry, testified he had never seen the ring in question and could not testify to the value of a ring based solely on the number of diamonds or number of carats or points in the ring, because the value of diamonds of equal carats varies

from \$50 to thousands of dollars, and the quality, color, and presence or absence of flaws must be taken into consideration before value can be determined. He was asked to state his opinion of the value of plaintiff's ring basing his opinion on the description given by plaintiff. Defendant objected to the question and the objection was sustained. The witness was, however, allowed to testify that the value of the mounting of the ring as described by plaintiff, without the diamonds, was \$250.

Defendant offered no evidence and the court, sitting without a jury, stated that there was no evidence of value upon which could be based a finding of more than \$300. Finding and judgment for plaintiff in that amount were entered.

Plaintiff has appealed, asserting that it was error not to allow her and her expert witness to give their opinions as to the value of the ring.

■ In Yonan Rug Service v. United Services Automobile Ass'n, D.C.Mun.App., 69 A.2d 62, 63, a case involving the value of lost Oriental rugs, we said:

"The prevailing rule is that the owner of an article, whether or not he is generally familiar with the value of like articles, may testify as to his estimate of the value of his own property. Ownership, coupled with familiarity with the quality and condition of the article, is considered sufficient qualification for his testimony. Lack of general knowledge of value goes to the weight of the testimony and not to its competency."

In that case we pointed out that the rule stated has special application in cases of lost or destroyed household goods and wearing apparel, but the rule is not limited to cases of that sort. It applies generally to any article of personal property. Wigmore states the rule to be: "The *owner of an article,* whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury, and Courts have usually made no objections to this policy." [1]

■ In the present case plaintiff admittedly had little knowledge of either the value of the ring or the quality of its diamonds, but she had owned the ring for twenty years and we think long ownership of the article entitled her to give her estimate of its value for whatever it might be worth in aiding the trier of the facts in determining the value. Of course, she was subject to cross-examination to bring out the basis, or lack of basis, for her estimate, and in the end little or no weight might have been given to her testimony.

Perhaps this case pushes to the extreme limit the rule that an owner is qualified to testify as to the value of his property, but we think the circumstances of the case require it. Of course, it would have been more satisfactory to have had testimony as to the cost of the ring or testimony of an expert who had examined the ring, but such testimony was not available. Plaintiff offered the best evidence obtainable and we think it should have been admitted for whatever probative value the trier of the facts saw fit to give it.[2] Under somewhat similar circumstances testimony of the owner as to value has been received.[3]

What we have said with reference to the plaintiff's testimony applies equally to that of the expert. He should have been allowed to testify as to the value of the ring on the basis of plaintiff's description, if he could. Probably his testimony would have been very general, since he had never seen the ring and plaintiff's description lacked many of the essential elements necessary to an accurate estimate. Here, again, it was the best obtainable evidence and should have been received for such weight as it was en-

1. Wigmore, Evidence (3d ed.) § 716.

2. See Chalvet v. Huston, 43 App.D.C. 77, 81, where it was said: "The letter having been lost, and the person who read it to the plaintiff having died, the testimony offered was the best evidence obtainable.

The weight of such evidence, however, is for the determination of the jury."

3. Shikany v. Salt Creek Transp. Co., 48 Wyo. 190, 45 P.2d 645; Gibbons v. Chicago, B. & Q. Ry. Co., 98 Neb. 696, 154 N.W. 226. Cf. Motton v. Smith, 27 R.I. 57, 60 A. 681.

titled. Experts have often been allowed to testify from descriptions as to the value of lost articles.[4]

Reversed with instructions to grant a new trial.

4. Berney v. Dinsmore, 141 Mass. 42, 5 N. E. 273; Friedman v. Breslin, 51 App.Div. 268, 65 N.Y.S. 5, affirmed 169 N.Y. 574, 61 N.E. 1129; Cuebas v. Klein, City Ct., 61 N.Y.S. 923.