**Hazel VAUGHAN, Appellant,**

v.

**Sidney SPURGEON, Appellee.**

**No. 6926.**

District of Columbia Court of Appeals.

Argued June 6, 1973.

Decided July 20, 1973.

Max Bergman, Washington, D. C., for appellant.

William L. Fallon, Washington, D. C., for appellee.

Before FICKLING, KERN and YEAG-LEY, Associate Judges.

PER CURIAM:

This appeal is from a judgment in a nonjury trial in favor of defendant-appellee wherein the appellant as tenant had sued appellee as landlord for damages to her furniture and personal effects allegedly caused by the negligence of a painter hired by appellee to paint appellant's apartment.[1]

The trial court observed in its opinion that "[t]he record is totally void of any evidence as to any loss suffered by the plaintiff as a result of the alleged damage due to painting." We agree and affirm.

■ The measure of damages for the negligent injury of the personal property of another generally is the difference between the reasonable value of the property immediately before and after the injury. Standard Oil Co. v. Southern Pac. Co., 268 U.S. 146, 45 S.Ct. 465, 69 L.Ed. 890 (1925); Glennon v. Travelers Indemnity Co., D.C.Mun.App., 91 A.2d 210 (1952); Cogbill v. Martin, 308 S.W.2d 269 (Tex. Civ.App.1957); Anderson Furniture Co. v. Roden, 255 S.W.2d 345 (Tex.Civ.App. 1952); Dixie Fire Ins. Co. v. McAdams, 235 S.W.2d 207 (Tex.Civ.App.1950).

■ Such evidence is wholly lacking in this record. The owner of personal property is permitted to testify as to her opinion of its worth on a given day even though she is without expert knowledge; however, no such testimony was elicited at trial. Glennon v. Travelers Indemnity Co., *supra*; Annot., 37 A.L.R.2d 967 (1952).

■ The ruling by the trial court holding inadmissible an appraisal of the property prepared by one who was not available to testify or to be cross-examined was clearly correct. Hotel Corp. of America v. Travelers Indemnity Co., D.C.App., 229 A. 2d 158 (1967).[2]

1. In view of the disposition we make of this case, we do not reach the question of whether the painter was an independent contractor or an employee or agent of appellee.

2. None of the exhibits introduced at trial were designated on appeal, however, it does not appear that any of them would affect the result we reach.

■ Although there was testimony as to the cost new of many of the items allegedly damaged, the limited evidence as to the extent of damage caused by spattered paint and partial breakage did not provide the trial judge with a basis for arriving at a reasonable determination of the amount of damages without indulging in speculation.

■ The testimony of an appraiser as to his estimate of the percentage of depreciation from cost of various items did not provide a means of making a computation of damages resulting from the alleged negligence, since his estimated depreciation included not only damage due to the alleged negligence but also normal wear and tear over the years.

Since the trial court was not provided a proper, or even a practical basis upon which it could make a determination under the law of the damage allegedly caused to the various items of personal property of appellant, the judgment is

Affirmed.