Sylvia MAALOUF, Appellant,

v.

Imran BUTT, et al., Appellees.

No. 01–CV–1437.

District of Columbia Court of Appeals.

Submitted Nov. 19, 2002.
Decided Feb. 20, 2003.

Sylvia Maalouf, pro se.

Sean D. Hummel, Washington, DC, was on the brief, for appellees.

Before TERRY and STEADMAN, Associate Judges, and FERREN, Senior Judge.

1. In his findings, the commissioner questioned whether Maalouf, in leaving the car with Butt after two vandalisms, still had "a reasonable expectation of, or the reasonable establishment of a continued bailment relationship" with Butt. There was no ruling on this issue, however. The case proceeded on

**FERREN, Senior Judge:**

In this small claims case, appellant Maalouf, proceeding *pro se*, sought damages from appellee Butt for the loss of her car at Butt's repair shop. The hearing commissioner, sustained by a trial judge, found for Maalouf but awarded her only $150 for the loss of the car radio. Maalouf contends on appeal that the commissioner erred in denying full damages for loss of the car on the ground that Maalouf had failed to present sufficient evidence of the car's value (in addition to the value of the radio) as of the time she brought the vehicle to Butt's shop for repair. We reverse and remand for further proceedings.

▆ Maalouf testified that her car, while under Butt's control, had been vandalized twice and eventually stolen. The hearing commissioner accepted her testimony as true for purposes of decision, and the issue thus became the amount of recovery.[1] "The traditional standard for calculating damages for conversion is the fair market value of the property at the time of the conversion"here, as of the time Maalouf brought the car to Butt's shop for repair. *Bowler v. Joyner*, 562 A.2d 1210, 1213 (D.C.1989) (citations omitted).

▆ This court long has held that the owner of an article, whether or not he is generally familiar with the value of like articles, may testify as to his [or her] estimate of the value of his [or her] own property. Ownership, coupled with familiarity with the quality and condition of the article, is considered sufficient qualification for his [or her] testimony. Lack of general knowledge goes to the

the premise that the bailment—Butt's responsibility for the car—was continuing. Thus, for purposes of this appeal the issue is limited to proof of the amount of recovery. On remand, we do not preclude further examination of the liability issue.

weight of the testimony and not to its competency.

*Glennon v. Travelers Indemnity Co.*, 91 A.2d 210, 211 (D.C.1952) (citing *Yonan Rug Serv. v. United Servs. Auto. Ass'n*, 69 A.2d 62, 63 (D.C.1949)); *accord Independence Fed. Sav. Bank v. Huntley*, 573 A.2d 787, 788 (D.C.1990); *Bowler*, 562 A.2d at 1213; *Hartford Accident & Indem. Co. v. Dikomey Mfg. Jewelers, Inc.*, 409 A.2d 1076, 1079 (D.C.1979). In short, an owner's estimate of her property's value, although she lacks expertise or hard evidence to support the estimate, is admissible as to value though subject to discount for lack of credibility.

In this case Maalouf, an uncounseled plaintiff, apparently was unaware of this legal rule. Nor from the colloquy in court can we tell how the commissioner was applying the rule.[2] When the commissioner asked Maalouf, "And what was the value of your, of the car when it was stolen"?, she replied with a $5,000 estimate buttressed by testimony and proffered receipts that she had "put, like, $7,000, $8,000 on this car." The commissioner noted, however, that Maalouf—while testifying (in the commissioner's words) that the 1984 Buick Century "was in mint condition"—had not offered "any independent proof of what the car, the value of the car was"; that he did not "know" it was "a fair way to calculate the value of the car based on how much money you put into the car"; and that Maalouf's proof of loss accordingly was insufficient.

From the record we cannot tell whether the commissioner—seeming to rely on the need for "independent proof" of value—rejected Maalouf's $5,000 valuation for lack of competency, contrary to the *Glennon* rule, or was aware of the *Glennon* line of cases but rejected Maalouf's estimate of value for lack of credibility. As to a plaintiff's credibility, we have noted the general principle that " '[a]n injured party will not be precluded from recovering damages because he [or she] cannot prove his [or her] exact damages' so long as there is a reasonable basis for approximation." *Bowler*, 562 A.2d at 1214 (citation omitted). Nor can we say that the repair bills proffered in evidence are irrelevant; while hardly determinative, they may have probative value. Accordingly, we must reverse and remand for further proceedings conducted "in such a manner as to do substantial justice between the parties according to the rules of

---

2. Q. All right. And what was the value of your, of the car when it was stolen?
   A. Uh, it's a Buick Century 1984, but the value is, it's a reconditioned car. I have full, everything put, I always fix everything that's needed. Everything is new. Two times the mechanics make me put a radiator because it was heating up.
   Q. But you have to tell me what, do you have proof of what the value of the car was?
   A. Well, I guess it's, I guess with the, with the repairs it should be around $5,000, you know, with all the repairs. You know, I -
   Q. Okay. Well, but how, how do you get to the figure of $5,000 for a 1984 car?
   A. Because it's uh, I put a lot of money on it, it's a reconditioned car, it's painted, everything is done. New, a new radio cassette, a new transmission, uh, engine work, um, everything you can imagine, and I have all the details here. It's reconditioned.
   Q. Okay, but you don't have any independent proof of what the car, the value of the car was?
   A. I have the, how much I put in it. I put, like, $7,000, $8,000 on this car.
   Q. I don't know that that establishes the value of the car. For example, you put a radiator in that cost you $100. The radiator is used for some period of time while you operate the car. It's no longer worth $100, so I don't know that that is a fair way to calculate the value of the car based on how much money you put into the car. All right, but what you're claiming is a loss for the value of the car.

substantive law," Super. Ct. Sm. Cl. R. 12(b), including the court's exercise of discretion to allow Maalouf to present additional evidence in light of the prevailing law discussed herein.

*So ordered.*