DANIEL L. GRAY et al., Copartners Doing Business as GRAYCO BUILDERS, Appellants, v. MET CONTRACTING CORP. et al., Respondents.

First Department, October 22, 1957.

*Norman Roth* of counsel (*Max E. Greenberg,* attorney), for appellants.

*David I. Shivitz* of counsel (*Harry J. Halperin* and *Israel A. Stein* with him on the brief; *Halperin, Natanson, Shivitz, Scholer & Steingut,* attorneys), for respondents.

VALENTE, J.   Plaintiffs appeal from an order denying a motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice.   The action is one for breach of a contract wherein the corporate defendant, as a subcontractor, agreed to perform certain work for plaintiffs who, in turn, had undertaken to construct a public school in The Bronx.   In a second cause of action, plaintiffs seek to hold the individual defendants liable on their personal guarantee of the corporate defendant's performance of the subcontract.

One of the provisions of the contract in suit provides that plaintiffs may, at any time, prior to or during the progress of the work demand that within 10 days of such demand the corporate defendant deliver to plaintiffs a performance and payment bond without expense to the defendant.   The complaint alleges that defendants failed to obtain a performance and payment bond after demands made by plaintiffs and that, accordingly, plaintiffs elected to terminate the contract and sue for damages.   The answer, in addition to denials, contains two affirmative defenses, the second being denominated, in addition, as a counterclaim.   In effect, these defenses allege that because of plaintiffs' promise, agreements and representations that they would secure the performance bond through their insurance broker, and defendants' reliance thereon, defendants did not procure the bond; and consequently plaintiffs, without just cause, terminated the contract.

Whatever we may think of the facts presented in the affidavits as to the existence of a triable issue as to the defenses, it is clear that no basis for a counterclaim exists.   Hence, the second defense and counterclaim should have been dismissed.

As to the first defense, plaintiffs are correct in urging that in its present form, it is not sufficient in law to defeat plaintiffs' recovery.   The contract recites that it may not be changed or terminated orally.   Section 33-c of the Personal Property Law is specific that a written agreement that contains such a provision cannot be changed by an executory agreement unless

such executory agreement is in writing. Hence, any claim that the written agreement had been orally modified to disregard the necessity for furnishing a performance bond would be legally ineffectual. However, as was held in *Curry* v. *Mackenzie* (239 N. Y. 267, 272) technical defects in a pleading cannot be availed of in a motion for summary judgment if a defendant presents facts which are sufficient to entitle him to defend. In such event an answer can be amended.

Looking at the affidavits, we conclude that there is enough in this record to entitle defendants to a trial. The facts averred by defendants indicate that plaintiffs did inject themselves into the procurance of the performance bond by supplying a broker. If defendants can establish that the conduct of plaintiffs in dealing with the problem of obtaining the bond was such as to make procurance by defendants impossible, then the resulting default can be laid at the door of plaintiffs. In such case, plaintiffs would be estopped from urging as a default a situation for which they were responsible. Such an estoppel would not be in conflict with section 33-c of the Personal Property Law, since it would not constitute an oral modification of a written contract, but the application of an ancient equitable principle whereby a person whose conduct had induced reliance thereon may not thereafter bring an action which is inconsistent with that conduct. In *Imperator Realty Co.* v. *Tull* (228 N. Y. 447) which involved an analogous state of facts, since it dealt with a contract that was required to be in writing under the Statute of Frauds, the court held that, although an oral promise would be ineffective to vary the contract, a plea of estoppel could be advanced. CARDOZO, J., there said (p. 456): " There may be procurement or encouragement of a departure from literal performance which will forbid the assertion that the departure was a wrong."

Irrespective of whether this " resulting disability " be called an estoppel or waiver, the court there reiterated the well-established principle that " no one shall be permitted to found any claim upon his own inequity or take advantage of his own wrong " (p. 457).

At this stage of the proceedings, based on the affidavits in the record, we hold that sufficient has been demonstrated to invoke that principle and to afford defendants an opportunity to defend.

The order appealed from should be modified so as to grant the motion to the extent of striking out the second defense and counterclaim, and so as to direct the service of an amended answer pleading in the first defense the facts upon which the

claim of estoppel is grounded. As so modified, the order should be affirmed, without costs. Settle order.

PECK, P. J., BREITEL, FRANK and McNALLY, JJ., concur.

Order unanimously modified so as to grant the motion to the extent of striking out the second defense and counterclaim, and so as to direct the service of an amended answer pleading in the first defense the facts upon which the claim of estoppel is grounded. As so modified, the order is affirmed, without costs. Settle order on notice. [See *post*, p. 872.]