SARA THOM, Respondent, et al., Plaintiff, v. JAYMEE FASHIONS, INC., et al., Appellants.—

Concur — Capozzoli, McGivern, Nunez, JJ.; Stevens, P. J., and Eager, J., dissent in the following memorandum by Eager, J.: The judgment for plaintiff should be reversed and a new trial granted. The action of the Trial Judge, *sua sponte,* in reopening the case and calling to the stand and cross-examining the defendant Pagan, clearly had the effect of depriving the defendants of a fair and impartial determination by the jury of the liability issue. After both sides had rested and defendants' motion for a dismissal had been denied, the Trial Judge ordered the production of a written statement which the defendant Pagan had signed but which was not then in evidence and, thereupon, over defendants' objection, recalled Pagan as the court's witness. Expressly reminding Pagan that he was "still testifying under oath", the court had an interpreter read to him a portion of his statement. Then, in questions so phrased as to indicate a disbelief in his testimony, the Trial Judge examined him at length with respect to an inconsistency between the written statement and his testimony, to wit, that in the statement he had said that plaintiff, a pedestrian, had collided with the rear part of his hand truck whereas on the trial he had testified that the collision was with the front part thereof. The conduct of the Trial Justice cannot be justified on the theory that he was merely endeavoring to accomplish justice in a search for the truth. Although a Judge conducting a jury trial is not expected to stand aloof with a mere passive interest in the proceedings, he "should ' at all times maintain an impartial attitude and exercise a high degree of patience and forbearance.' " (*Salzano* v. *City of New York,* 22 A D 2d 656, 657). No matter how strong the feelings of a Trial Judge may be about the merits of a case, he may not overstep the bounds of impartiality by excessive participation, so that in the jury's eyes, he himself becomes an advocate. " Inevitably a trial court sets the pattern for the jury " (*Livant* v. *Adams,* 17 A D 2d 784). Here, the liability issue was closely contested and after competent counsel had elected to close

the evidence, the record demonstrates that the Trial Justice so interjected himself in the trial proceedings as to effectively impeach the defendant Pagan's credibility as a witness. " The brief but derogatory cross-examination by the court of defendant-appellant \* \* \* openly evinced disbelief in the testimony. \* \* \* The trial, therefore, was not fair " (*Livant* v. *Adams, supra*; see, also, *Habenicht* v. *R. K. O. Theatres*, 23 A D 2d 378). As a matter of fact, the prejudicial cross-examination of the defendant in the *Livant* case did not rise to the level of the prejudicial conduct of the Trial Justice in the instant case. Certainly, if we are to have jury trials, they must be conducted fairly and impartially and, under the circumstances, a new trial is required as has been established by the decisions of this court.