ALBERT EPSTEIN et al., Appellants, v CHARLES A. SEITZ et al., Respondents.—Appeal from so much of a judgment of the Supreme Court, entered April 8, 1976 in Tioga County, upon a verdict in favor of defendants which dismissed the first two causes of action of plaintiffs' complaint. The plaintiff Beatrice Epstein sought damages for personal injuries sustained when the vehicle she was driving was struck from the rear by a vehicle owned by defendant Helen Seitz and operated by defendant Charles A. Seitz. Plaintiff Albert Epstein brought a derivative action and also a third cause of action for property damage to his vehicle. Following a trial, the jury returned a verdict which found both drivers negligent. Thereafter, judgment was entered dismissing plaintiffs' causes of action for personal injuries and derivative damages. Plaintiffs appeal, contending that the trial court erred in its charge to the jury and that the jury's verdict which found plaintiff negligent was against the weight of the evidence. The accident giving rise to the actions occurred on a clear, dry day when the plaintiff Beatrice Epstein, driving west in the right-hand portion of the west bound portion of a four-lane divided highway, made, or was about to make, a right turn to leave the highway and enter an area where a flea market was located. At that time her vehicle was struck in the rear by the Seitz vehicle, which had been proceeding behind the Epstein vehicle for approximately two or three miles. A jury verdict in favor of a defendant is not against the weight of the evidence unless the preponderance in favor of the plaintiff was so great that the verdict could not have been reached upon any fair interpretation of the evidence *(McDowell v Di Pronio,* 52 AD2d 749; *Roberts v Ausable Chasm Co.,* 47 AD2d 979; *Olsen v Chase Manhattan Bank,* 10 AD2d 539, 544, affd 9 NY2d 829). A review of the record reveals that the evidence was such that the jury could fairly conclude that plaintiff failed to exercise reasonable care and thereby contributed to the happening of the accident. There was testimony by the defendant operator that the Epstein vehicle "seemed like it was just stopping real fast" and though he applied his brakes and steered to the left, he was unable to avoid the accident. Mrs. Seitz, a passenger in

her car, testified that they had followed the Epstein vehicle for a few miles when it suddenly began to stop and they were unable to avoid hitting it. Another witness to the accident testified that the Epstein car decelerated abruptly. No circumstances existed which required plaintiff to decelerate suddenly and we are satisfied that there was a sufficiency to proof to sustain the verdict against the plaintiff operator. Plaintiffs also contend that the trial court erred in charging subdivisions (a), (b) and (c) of section 1163 of the Vehicle and Traffic Law which refer to the general requirements for turning movements on a highway, including the requirements of appropriate signals. In addition, plaintiffs complain that the court erred in charging subdivision (a) of section 1166 which concerns the manner in which the approach to a turn shall be made. There was some testimony that the appropriate signals were not given and, therefore, the statutory requirements were relevant. If the jury chose to accept the plaintiff-driver's testimony that proper signals were given, then the statutory provisions charged helped plaintiffs by showing that the signal claimed to have been given complied with the statutory requirements. The claim that subdivision (a) of section 1166 is not relevant, is of no merit. That provision requires that "The approach for a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway". There was testimony by plaintiff that she was two or three feet from the right-hand edge of the roadway and defendant testified that he tried to swerve to the left just before impact. The investigating officer testified that the shoulder of the road in the area of the accident was narrower than the roadway but wide enough to accommodate a car. Thus, the jury could reasonably have found that the plaintiff-driver's failure to comply with subdivision (a) of section 1166 was a contributing cause of the accident. A reading of the charge as a whole reflects that it was fair and complete, and we find no error therein. Judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.