■ UNITED NATIONAL BANK, Appellant, v CURTISS T. ETTINGER et al., Respondents.—Appeals (1) from a judgment of the Supreme Court in favor of defendants, entered September 1, 1976 in Sullivan County, upon a verdict rendered at a Trial Term, and (2) from an order of said court, entered September 1, 1976, which denied plaintiff's motion to set aside the verdict. This is an action by plaintiff to collect upon a promissory note and to recover for fraudulent representations made by defendants which allegedly induced plaintiff to purchase the note from Tatra Realty, Inc. (Tatra), a

Pennsylvania real estate development company of which defendant Curtiss Ettinger was corporate secretary. The underlying situation was spawned on May 25, 1973 when defendants executed a contract of sale to purchase a certain parcel of realty located in Pike County, Pennsylvania, from Tatra for the sum of $11,200. Pursuant to the contract, $1,200 was to be paid by defendants in cash upon its execution with the balance of the purchase price to be paid at the time of closing and delivery of the deed by means of a note for $10,000. In accordance with this latter provision, defendants jointly executed the promissory note in question here, on May 25, 1973, for $10,000 plus the finance charge. Plaintiff subsequently purchased the note from Tatra on June 12, 1973. Thereafter, defendants made two payments to plaintiff on the note on July 31, 1973 and October 15, 1973 and then ceased making payments. On January 23, 1974, they advised plaintiff that their contract with Tatra had been canceled "by mutual agreement"; it later developed that the subject parcel had been foreclosed upon by the First National Bank of Eastern Pennsylvania in the fall of 1973. The present action was tried before a jury. After plaintiff had rested and defendants had begun their case, the trial court dismissed plaintiff's cause of action on the note as to both defendants on the ground that the subject parcel was not available to defendants and, consequently, there was a lack of consideration to support the note which was not a negotiable instrument (see Uniform Commercial Code, § 3-306, subds [b], [c]; § 3-408). At the close of defendants' case, the court dismissed the fraud cause of action against defendant Lili Ettinger, and thus only the fraud action against defendant Curtiss Ettinger was submitted to the jury, which, by a nonunanimous (5 to 1) verdict, ruled in favor of defendant. When plaintiff's subsequent motion to set aside the verdict was denied, the instant appeals ensued. Considering initially plaintiff's cause of action on the note, we hold that, based upon facts adduced at the trial, defendant Curtiss Ettinger should have been estopped from asserting the defense of failure of consideration and the case against him should have been allowed to go to the jury. Admittedly, no consideration was given by Tatra in return for the note because Tatra never delivered to defendants as per the contract of sale "a special warranty deed conveying good and marketable title to the subject premises * * * free and clear of all encumbrances". Nevertheless, the facts also indicate that, on May 29, 1973, Tatra obtained a $250,000 loan from the First Pennsylvania Banking and Trust Company (First Pennsylvania) and gave this bank in return a $250,000 note signed by Curtiss Ettinger as corporate secretary and containing a broad confession of judgment clause. On June 13, 1973, First Pennsylvania had judgment entered on the note, and the lien of that judgment covered all of Tatra's property including the lot which defendants had recently contracted to purchase. Thus, by signing the $250,000 note, Curtiss Ettinger facilitated the establishment by First Pennsylvania of a lien upon the subject lot that made it impossible for Tatra to give consideration for the $10,000 note sued upon here because it could no longer convey the parcel "free and clear of all encumbrances" as required by the contract of sale. Under these circumstances, having by his own conduct effectively prevented Tatra from giving consideration, Curtiss Ettinger cannot now be permitted to rely upon the lack of consideration to absolve him from liability on the $10,000 note (cf. *Gray v Met Contr. Corp.,* 4 AD2d 495; see, also, 21 NY Jur, Estoppel, § 21). Additionally, relative to the action on the note, we would further point out that even though the language in the note severely limits the available property of defendants upon which plaintiff can have execution, this factor has no effect upon plaintiff's right to obtain a judgment. However, as to

defendant Lili Ettinger, the note action was properly dismissed because the defense of failure of consideration was fully applicable and no circumstances are presented which would serve to estop her reliance thereon. With regard to the fraud cause of action, five elements must be established, i. e., representation of a material, existing fact, falsity, *scienter,* deception and injury *(Cudemo v Al & Lou Constr. Co.,* 54 AD2d 995), and the only circumstance in this instance which could possibly warrant a recovery by plaintiff was defendants' representation in the contract of sale, which each signed, that they had paid $1,200 in cash as a deposit upon its execution. The falsity of this representation is undisputed, *scienter* was established because at the time the representation was made it was "known to be untrue" *(Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112, 119), and there was also deception since the representation was peculiarly within defendants' knowledge and plaintiff necessarily relied thereon (see *Cudemo v Al & Lou Constr. Co., supra).* Accordingly, the only elements remaining to be proved were the materiality of the representation and resultant injury to plaintiff. In its agreement with Tatra relative to its purchase of the note, plaintiff required Tatra to specifically represent that defendants had paid the $1,200 down payment in cash, and, consequently, it plainly cannot be said that defendants' misstatement in the contract of sale on this issue was immaterial as a matter of law. Moreover, it can similarly be argued that, but for defendants' misrepresentation, plaintiff would not have purchased the note and, therefore, would not have been injured when the bank foreclosed on the property. Such being the case, it was error to dismiss the fraud cause of action against Lili Ettinger with these factual issues present and a trial must be had thereon. As for Curtiss Ettinger however, we cannot say that the jury verdict in his favor in the fraud action was against the weight of the evidence, and this result must therefore be affirmed *(Epstein v Seitz,* 58 AD2d 682). Judgment modified, on the law and the facts, without costs, by reversing so much thereof as dismissed the cause of action on the note as to defendant Curtiss Ettinger and the fraud cause of action as to defendant Lili Ettinger and remitting these matters for a trial, and, as so modified, affirmed. Sweeney, J. P., Kane, and Main, JJ., concur; Larkin and Herlihy, JJ., concur in part and dissent in part in the following separate memorandums. Larkin, J. (concurring in part and dissenting in part). I agree with the majority except to the extent that that they find that a new trial must be held on the fraud cause of action against Lili Ettinger. In regard to that cause of action I agree with Mr. Justice Herlihy that the verdict in favor of defendant Curtiss T. Ettinger should collaterally estop plaintiff from proceeding against defendant Lili Ettinger. Herlihy, J. (concurring in part and dissenting in part). I concur with the finding of the majority that the jury verdict as to fraud on the part of Curtiss Ettinger was not against the weight of the evidence and must be affirmed. However, the record does establish that the defendants jointly executed the promissory note dated May 25, 1973 and, in fact, Lili Ettinger signed the same as a co-maker. Under such circumstances the case of Lili Ettinger is so joined legally with Curtiss Ettinger that the jury verdict of no fraud as to Curtiss must be a collateral estoppel against the bank as to Lili. Upon this record there is no basis for a reversal as to Lili Ettinger unless we would do so as to Curtiss Ettinger and there is no demonstration that the interests of justice would require such action on the fraud cause of action. The gross negligence of the plaintiff in its acceptance and handling of the note here in issue militates against the conclusion of the majority that an estoppel should be established against Curtiss Ettinger in regard to his defense of no

consideration. Nevertheless, assuming that Curtiss Ettinger is to be so estopped as a matter of law, the note in issue is not an unconditional promise to pay and is not so phrased as to permit any personal liability. This note upon its face limits any recovery to the land and the signature merely acts as an in rem confession of judgment. A judgment in New York State on the note would be a nullity since the land (res) is in Pennsylvania. The judgment should be affirmed in all respects.