**Michiko MITSUYA, Plaintiff,**

v.

**CROYDON MANAGEMENT COMPANY, Croyfor Realty Corp., Korson Realty Corp., Corsal Associates, Inc., 8701 Realty Corp., Sarah Korein, both Individually and as Executrix of the Estate of Isidor Korein, Knight Properties, Inc., and Hyman R. Shapiro d/b/a Cortland Management Company, Defendants.**

**No. 75 Civ. 6033 (CMM).**

United States District Court, S. D. New York.

April 17, 1978.

Harvey M. Spear, New York City, for plaintiff.

Robert L. Beerman, New York City, for defendants Croydon Management Company, Croyfor Realty Corp., Korson Realty Corp., Corsal Associates, Inc., 8701 Realty Corp., and Sarah Korein, both individually and as Executrix of the Estate of Isidor Korein.

METZNER, District Judge:

Plaintiff seeks to recover damages for the loss of her jewelry after it had been entrusted for safekeeping to the hotel at which she had been a guest. This court has jurisdiction by reason of the diversity of citizenship of the parties.

Pretrial memoranda filed in this action disclosed a conflict between the parties on a point of law crucial to both the prosecution and defense of this action. Accordingly, a pretrial conference was held on April 7, 1978, at which time the parties were afforded the opportunity to present oral arguments on the issue.

Plaintiff asserted in her deposition that a desk clerk in the hotel approached her, commented upon her jewelry and informed her that the hotel had safe deposit boxes that she could use free of charge to keep her valuables in for safekeeping. Plaintiff further stated that until that time she had been unaware that the hotel had such facilities, or that there was a limitation of liability.

Plaintiff contends that this oral inducement may act as an estoppel to the defendants' defense of a statutory limitation of liability under N.Y.Gen.Bus.Law § 200 (McKinney 1968) (the statute), even assuming that defendants complied with the other requirements of the statute.

The statute provides that defendants' liability is limited to $500 if jewelry is turned over to them and they have complied with the notice requirements. Of course, if jewelry is not turned over and there has been compliance with the notice requirements, any loss must be borne by the guest. The statute further provides that the limitation of liability imposed by the statute can be modified only by a writing. Defendants contend that they complied with the notice requirements of the statute and thus their liability is limited to a maximum of $500 despite any oral representations by their agents.

Defendants are correct in that the limitation of liability imposed by the statute could not be "modified" by an oral representation in light of the specific statutory requirement that all changes be in writing. See Gray v. Met Contracting Corp., 4 A.D.2d 495, 167 N.Y.S.2d 498 (1st Dept. 1957); Williston on Contracts § 591 (3d ed. 1961). However, plaintiff's contention is not that the statement allegedly made by defendants' agent modified the contract, but rather that it bars defendants from asserting the statutory limitation by the principle of equitable estoppel.

In Gray v. Met Contracting Corp., supra, it was held that the principles of equity could be applied to estop a party from asserting a statutory defense even in the absence of a required writing. In that case the court held that:

"[E]stoppel would not be in conflict with [the statute] since it would not constitute an oral modification of a written contract, but the application of an ancient equitable principle whereby a person whose conduct has induced reliance thereon may not thereafter bring an action which is inconsistent with that conduct." Id. at 497, 167 N.Y.S.2d at 501.

The New York courts have not decided the issue of equitable estoppel with regard to the statute involved in this action. However, they have found hotels to have waived

their rights under the statute, *e. g., Friedman v. Breslin*, 51 App.Div. 268, 65 N.Y.S. 5 (1st Dept.), *aff'd*, 169 N.Y. 574, 61 N.E. 1129 (1900), and therefore it is clear that the holding in *Gray* would be applicable to the case at bar.

Since it is possible for defendants to be barred from asserting the statutory defense by the principle of equitable estoppel, we must examine the alleged conduct in this case to see if it is sufficient to invoke the bar.

Assuming that plaintiff's version of the facts is true, the hotel clerk's conduct did indeed induce her to deposit her jewels with the hotel. However, these statements were no more than would appear on notices of availability of safekeeping boxes posted by a hotel pursuant to the statute. There appears to be nothing in plaintiff's version of what the hotel clerk said to her that would require equity to estop the hotel from asserting the limitation of liability. It might be different if the clerk had indicated that there was no limitation of liability.

If in fact defendants complied with all of the notice requirements mandated by the statute, and this is the disputed issue in the case that can only be decided by the jury, then they are free to assert the $500 limitation of liability clause of the statute.

The action is dismissed as to defendants Knight Properties, Inc. and Hyman R. Shapiro d/b/a Cortland Management Company, pursuant to plaintiff's statement at the pretrial conference.

A pretrial order shall be submitted within 15 days of the date of this opinion, and after May 5, 1978, the parties shall be on 48-hour telephone notice of trial.

So ordered.