■ UNITED NATIONAL BANK, Appellant, v CURTISS T. ETTINGER, Also Known as CURTIS T. ETTINGER et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered February 14, 1978 in Sullivan County, which granted partial summary judgment in favor of plaintiff. This case was recently before this court *(United Nat. Bank v Ettinger,* 59 AD2d 584), and we briefly recount the facts to place the present issue in perspective. On May 25, 1973 defendants contracted to purchase from Tatra Realty, Inc. (Tatra) real property located in Pennsylvania. In connection therewith, defendants issued a nonnegotiable promissory note payable to Tatra, and authorizing confession of judgment, which Tatra subsequently discounted on or about June 12, 1973 to plaintiff. In the interim, Tatra, on May 29, 1973, had issued to the First Pennsylvania Banking and Trust Co. (First Pennsylvania) a $250,000 note, which was signed by defendant Curtiss Ettinger in his capacity as corporate secretary of Tatra. On June 13, 1973 First Pennsylvania entered a judgment on its note, thereby establishing a lien on all property owned by Tatra, including tract 2505, section 10, of the property purchased by defendants. Tatra has never conveyed the property to defendants, and, when defendants learned of First Pennsylvania's lien, they discontinued payments. Plaintiff then commenced an in personam action in New York upon the note. The trial court dismissed it upon the ground that there was a lack of consideration to support the note since the real property in question, due to First Pennsylvania's lien, could no longer be conveyed "free and clear of all encumbrances" as required by the contract of sale. Upon appeal, this court estopped defendant Curtiss Ettinger from asserting that defense. By signing the $250,000 note, we held Ettinger facilitated the establishment of First Pennsylvania's lien *(United Nat. Bank v Ettinger, supra,* p 585). We then remitted the matter to Special Term which granted partial summary judgment in favor of plaintiff. The note authorized the confession of judgment, but stated that the "sole security for the lien of *this judgment* shall be the below mentioned property and execution hereunder shall be limited thereto, Section 10, Lot 2505, and no execution shall be issued against any other property" of defendants (emphasis added). Special Term limited execution to the property which defendants had contracted to purchase from Tatra and also held that defendant Curtiss Ettinger had no personal liability upon the judgment. Plaintiff contends that the limitation contained in the note applies only to the cognovit judgment and not to a judgment obtained by in personam judicial proceedings in New York. We agree. The note's language plainly provides that the property which defendants contracted to purchase from Tatra was to be the sole security for the lien of the confessed judgment. It states that the lien of "this judgment", that is, the confessed judgment, is limited to tract 2505, section 10. We find no indication from an analysis of the note that the same limitation was meant to be imposed on an in personam judgment in another State which does not recognize cognovit judgments (see *Atlas Credit Corp. v Ezrine,* 25 NY2d 219). Finally, the note does not contain any language expressly

relieving defendants of personal liability on the note, and we see no reason for its imposition. Order reversed, on the law, without costs, and matter remitted for further proceedings consistent herewith. Mahoney, P. J., Greenblott, Sweeney, Kane and Mikoll, JJ., concur.