■ RICHARD B. HOBART et al., Appellants, v DAVID SCHULER, Respondent. — Appeal from an order of the Supreme Court at Special Term, entered March 7, 1980 in Saratoga County, which denied plaintiffs' motion for summary judgment. Plaintiffs were the owners of all the outstanding shares of Nanmar, Inc., a New York corporation which operated the Beef and Bacon Restaurant in Tonawanda, New York, when, on October 31, 1977, they entered into a stock purchase agreement with defendant whereby defendant purchased plaintiffs' shares in the corporation in return for, *inter alia,* $7,000 in cash or certified funds, a $3,500 interest free note payable in 30 days and an $11,000 note at 7.5% interest payable in equal monthly installments for five years. After adhering to the agreement for three months, defendant defaulted on payment of the installment note, and plaintiffs thereupon commenced the present action to recover the balance on the note and their attorney's fees. In his answer defendant raised the issue of fraud as the basis for an affirmative defense to plaintiffs' claim and also as the basis of a counterclaim for damages and rescission of the stock purchase agreement, and plaintiffs responded by moving to strike defendant's answer and obtain summary judgment. Finding material questions of fact involving the defense to plaintiffs' cause of action presented,

Special Term denied the motion, and this appeal followed. We hold that Special Term's order should be affirmed, and in so ruling, we note that the drastic remedy of summary judgment should be employed only when there is no doubt as to the absence of triable issues (*Andre v Pomeroy,* 35 NY2d 361). Here, defendant's allegation that, as a person inexperienced in business affairs, he was induced to purchase the stock of Nanmar, Inc., by plaintiffs' false representations as to the restaurant's income raises a triable issue. The factual background of the fraud claim is sufficiently detailed in defendant's affidavit (see CPLR 3016, subd [b]), and the general merger clause in the stock purchase agreement is strikingly similar to that presented in *Magi Communications v Jac-Lu Assoc.* (65 AD2d 727) and, accordingly, insufficient to bar oral proof of the alleged false representations. Under these circumstances it would have been improvident for the court to grant summary judgment. Order affirmed, with costs. Greenblott, J. P., Sweeney and Main, JJ., concur.

Mikoll and Casey, JJ., dissent and vote to reverse in the following memorandum by Casey, J. Casey, J. (dissenting). We respectfully dissent. The majority has concluded that summary judgment should be denied to the plaintiffs because the defendant's allegation that he was induced to purchase the stock by the plaintiffs' false representations as to the restaurant's income raises a triable issue. What the defendant's affidavit states is "that the plaintiffs made representations that *later* proved to be false" (emphasis added). Significantly, the defendant does not allege that the plaintiffs made statements that were false at the time they were made. By his own affidavit, the defendant, at most, shows disappointed expectations and such statements are not actionable on the grounds of fraud, for they are not misstatements of existing facts. Any inference drawn from the fact that the expectations did not occur is not sufficient to sustain the defendant's burden of showing that the plaintiffs falsely stated their intentions (see *Lanzi v Brooks,* 54 AD2d 1057, 1058, affd 43 NY2d 778). The order denying summary judgment should be reversed and summary judgment should be granted to plaintiffs.