■ REXFORD PLUMBING, HEATING AND HARDWARE Co., INC., Respondent, v CITY OF JOHNSTOWN, Appellant. (Action No. 1.) CITY OF JOHNSTOWN, Respondent, v GLENS FALLS INSURANCE Co., Appellant. (Action No. 2.) — Cross appeals from an order of the Supreme Court at Special Term (Dier, J.), entered March 20, 1981 in Fulton County, which denied motions for summary judg-

ment. In June, 1974, the City of Johnstown, New York (hereinafter city), entered into a contract with Rexford Plumbing, Heating and Hardware Co., Inc. (hereinafter Rexford) for the installation of a water line. The contract required Rexford to complete the work within 60 consecutive calendar days after the date in the notice to proceed. The notice to proceed was given on June 11, 1974. The contract also provided that Rexford's failure to complete the work within the specified time would result in its liability to the city for liquidated damages at the rate of $75 per day until the work was completed. In connection with this contract, Rexford supplied a performance bond with Rexford as the principal and the Glens Falls Insurance Co. (hereinafter Glens Falls) as the surety. In 1979, Rexford commenced Action No. 1 against the city for the balance due under the contract. The city, claiming that the work had not been completed, counterclaimed for liquidated damages based on the liquidated damages clause of the contract. The city also commenced Action No. 2 against Glens Falls based on the performance bond. A motion was made by the city to dismiss the complaint in Action No. 1 and for summary judgment on its counterclaim. Glens Falls and Rexford made a cross motion seeking dismissal of the complaint in Action No. 2 and the counterclaim in Action No. 1 and for summary judgment in both actions. The motions were denied by Special Term and these cross appeals ensued. The remedy of summary judgment is a drastic one to be employed only when there is no doubt as to the absence of a triable issue (*Hobart v Schuler*, 78 AD2d 916, affd 55 NY2d 1023). On the present record, several triable issues of fact are presented not the least of which concerns the timely completion of the work by Rexford pursuant to the contract. Accordingly, Special Term properly denied the motions for summary judgment based upon the existence of factual issues and the order must be affirmed. Order affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.