■ VILLAGE OF CHATHAM, Respondent, v BOARD OF FIRE COMMISSIONERS OF THE DELMAR FIRE DISTRICT, Appellant. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered November 24, 1981 in Albany County, which granted, in part, defendant's motion for summary judgment. Having ordered two new pieces of fire-fighting equipment for fall delivery, defendant board determined that they had no further need for a 1961 pumper truck and in late summer advertised for its sale by placing one advertisement in the Albany *Times Union* newspaper and another in *The Volunteer Fireman* magazine. The "advertisement for bids" in the newspaper contained the phrase, "as is", whereas the one in the magazine did not. Representatives of plaintiff's department saw the magazine advertisement but contend they did not see the one appearing in the newspaper. There was a meeting of representatives of both parties and according to plaintiff certain statements concerning the pumper were made and a test drive and demonstration of the pumper followed. Later a group of plaintiff's representatives conducted a visual inspection of the vehicle. Subsequently, plaintiff submitted a bid in the sum of $12,550.60. On October 12, 1977, after the reading of the "as is" advertisement, which plaintiff's representatives assert they did not see, the bids were opened and plaintiff was the high bidder. After certification following the mandatory referendum (Town Law, § 176, subd 23) and payment of the balance due according to the bid terms, plaintiff took possession of the pumper and began the homeward journey, operating the pumper, according to their representatives, precisely as they were instructed by defendant. However, the journey ended abruptly when after a few miles the pumper overheated and then completely broke down. It has not been operational since. As a consequence, plaintiff commenced this action alleging four separate causes: (1) for rescission of the contract of sale based upon fraudulent misrepresentation or mutual mistake; (2) for damages based on breach of warranty; (3) for rescission of the contract as unconscionable pursuant to section 2-302 of the Uniform Commercial Code; and (4) for damages for negligent maintenance of the pumper prior to sale. On defendant's motion for summary judgment, Special Term dismissed the third and fourth causes of action, but found that questions of fact precluded the granting of the motion as to the first and second causes of action. We agree. Defendant contends that the first cause of action should have been dismissed because plaintiff failed to establish three of five essential elements (see *Lanzi v Brooks*, 54 AD2d 1057, 1058, affd 43 NY2d 778), i.e., *scienter*, that the representations were false, and reasonable reliance on the alleged statements. While in an action for damages based upon fraud *scienter* must be shown, in an action for rescission proof of *scienter* need not be shown (*Seneca Wire & Mfg. Co. v Leach & Co.*, 247 NY 1, 8; *Albany Motor Inn & Rest.*

*v Watkins,* 85 AD2d 797, mot for lv to app den 56 NY2d 508). Regarding the failure to demonstrate that the alleged statements were false, in its complaint and bill of particulars plaintiff specifies five false statements, two of which defendant concedes were made. Hence, questions of credibility are presented and, as such, are clearly inappropriate for resolution by summary judgment (*Bisbing v Sterling Precision Corp.,* 34 AD2d 427, 428). Questions of fact are raised as to whether the statements were made and, if so, whether they were true or false. As to whether reliance on the representations was reasonable or not, we note that plaintiff in the complaint and supporting affidavits alleges that the breakdown was due to a latent defect. Any information concerning such a defect would, most likely, be peculiarly within the knowledge of defendant owner, if known to anyone, and plaintiff could reasonably rely on defendant's representations (see *Mallis v Bankers Trust Co.,* 615 F2d 68, 81; *United Nat. Bank v Ettinger,* 59 AD2d 584, 586). Defendant's assertion that plaintiff knew that the sale was on an "as is" basis merely presents an additional question of fact. Defendant urges that the second cause of action for breach of warranty should have been dismissed in its entirety. While the cause, as pleaded, appears to be one for breach of an implied warranty for a particular purpose, plaintiff through its moving papers in connection with this appeal claims breach of express warranty as well. Contrary to defendant's assertion, plaintiff need not be limited to proving only the implied breach providing sufficient notice of its intention to claim breach of an express warranty is forthcoming in a timely fashion (see CPLR 3013; *Diemer v Diemer,* 8 NY2d 206). Plaintiff could then, at the conclusion of the trial, move to amend the pleadings to conform to the proof (CPLR 3025, subd [c]). As to the asserted breach of an implied warranty of merchantability, section 2-314 of the Uniform Commercial Code would seem inapplicable for the reason that it speaks of a "merchant with respect to goods of that kind" which defendant clearly is not. However, should it be demonstrated that defendant or its representatives knew of any defects, not apparent on inspection, and failed to disclose them, such conduct would bring defendant within the precincts of that section (see McKinney's Cons Laws of NY, Book 62½, Uniform Commercial Code, § 2-314, Official Comment 3). Likewise, because it is alleged that defendant seller knew well the "particular purpose" for which the subject vehicle was being purchased, a cause of action under section 2-315 of the Uniform Commercial Code is stated. As can be readily seen, several factual questions are raised. Summary judgment, drastic remedy that it is, should not be granted where, as here, material questions of fact exist (*Phillips v Kantor & Co.,* 31 NY2d 307, 311; *Hobart v Schuler,* 78 AD2d 916, affd 55 NY2d 1023). Accordingly, Special Term properly denied defendant's motion for summary judgment on the first two causes of action. Order affirmed, with costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.