■ MAUREEN DUNN, Individually and as Administratrix of the Estate of EDWARD E. MORRIS, Deceased, Appellant, v COHOES MEMORIAL HOSPITAL et al., Appellants, and HARRY J. POWIS, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered July 12, 1984 in Albany County, which, *inter alia,* granted the cross motion of defendant Harry J. Powis for summary judgment dismissing the complaint and all cross claims against said defendant.

On December 14, 1980, while Defendant Harry J. Powis was visiting a relative at defendant Mary and Alice Ford Nursing Home in the City of Cohoes, Albany County, he encountered an acquaintance of his, decedent Edward E. Morris, who requested a ride home. Powis agreed and, at about 8:00 P.M.,

Powis and the 71-year-old Morris left the nursing home and went to Powis' car which was parked in the parking lot of defendant Cohoes Memorial Hospital. When they arrived at the car, Morris stood at the passenger door while Powis went to the driver's side of the car. As he was entering the car, Powis noticed Morris falling. Morris was taken to the emergency room of the hospital where he was treated for a broken hip and admitted to the hospital. Subsequently, Morris contracted pneumonia and died at the hospital on January 22, 1981.

At an examination before trial, Powis stated that the parking lot had patches of ice and snow but that the walkway leading from the parking lot to the hospital was clear. He said that, while it was windy that night, the wind did not affect his ability to walk normally. Powis also noted that although Morris was using a walking stick, he was walking normally. In her complaint against Powis, plaintiff alleged that Morris "was in good health and physical condition" at the time of the accident.

Plaintiff's initial complaint was against the hospital and the nursing home. The hospital brought a third-party action against Powis in 1982. Thereafter, plaintiff instituted a direct action against Powis. The two actions were consolidated. Subsequently, the nursing home moved for summary judgment dismissing the complaint and any cross claims against it. Powis made a cross motion for summary judgment. Special Term granted Powis' motion on the ground that there were no issues of fact and no basis of liability against Powis. Plaintiff, the nursing home and the hospital appeal from the dismissal of the complaint and cross claims against Powis.

Plaintiff, the nursing home and the hospital argue that a triable issue of fact has been raised by the affidavit of a nurse stating that Powis told her at the hospital, after the December 14, 1980 accident, that "he walked Mr. Morris to the passenger side of his vehicle, and then went to unlock the driver's side door. This man further stated that when he walked around his car to the driver's side door, he noticed that Mr. Morris had fallen on a patch of ice." It is argued that the nurse's statement evidenced an assumption of a duty by Powis to assist Morris safely into the car and that, under *Parvi v City of Kingston* (41 NY2d 553, 559), once he undertook to aid Morris, Powis was bound to do so with due care.

It is well recognized that summary judgment is a drastic remedy which should be granted only where it is clear that there is no triable issue of fact (*Rexford Plumbing, Heating &*

*Hardware Co. v City of Johnstown,* 89 AD2d 1035, 1036). In wrongful death actions, "courts are increasingly reluctant to grant summary judgment against a plaintiff * * * since the plaintiff is not held to as high a degree of proof as where an injured plaintiff can himself describe the occurrence" (*Zibbon v Town of Cheektowaga,* 51 AD2d 448, 450, *appeal dismissed* 39 NY2d 1056). However, in this case, Special Term properly found that no triable issue of fact existed as to whether Powis assisted Morris in some way, thus assuming a duty which he violated. A finding of liability on the part of Powis on these facts can only be based on speculation and surmise and not upon reasonable inferences. Therefore, there must be an affirmance.

Order affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.