■ MONTEFIORE MEDICAL CENTER, Respondent, v CREST PLAZA, LLC, Appellant. [921 NYS2d 327]—

In an action, inter alia, for a judgment declaring, in effect, that the plaintiff has the right to the exclusive use of a certain parking lot, the defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Scheinkman, J.), dated June 16, 2009, as, upon, in effect, searching the record, awarded summary judgment to the plaintiff on so much of the complaint as sought a judgment declaring that, during its occupancy of the subject premises, the plaintiff has the right "to the exclusive use" of the subject parking lot in accordance with a January 11, 2005, determination of the Zoning Board of Appeals of the Town of Eastchester, made the appropriate declaration, and enjoined the defendant from engaging in acts depriving the plaintiff of its use of the subject parking lot.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff entered into a commercial lease with the defendant to operate a medical center on premises owned by the defendant. On January 11, 2005, the Zoning Board of Appeals of the Town of Eastchester (hereinafter the Board) granted the plaintiff an area variance permitting the plaintiff to use a particular parking lot owned by the defendant, based upon the condition that the parking lot be exclusively dedicated to the plaintiff. The plaintiff commenced this action, inter alia, for a judgment declaring that it has the right to the exclusive use of the subject parking lot.

After the defendant moved pursuant to CPLR 3211 to dismiss

the complaint, the Supreme Court gave notice to the parties that it would treat the motion as a motion for summary judgment (*see* CPLR 3211 [c]). Upon reviewing the additional papers submitted by the parties, the Supreme Court, sua sponte, directed the plaintiff to submit a properly authenticated transcript of the hearings before the Board. Contrary to the defendant's contention, under the circumstances of this case, this was not an improvident exercise of discretion by the Supreme Court (*see* CPLR 2001, 2101 [f]; *Thom v Jaymee Fashions*, 35 AD2d 946 [1970], *affd* 29 NY2d 534 [1971]; *Discover Bank v Eschwege*, 71 AD3d 1413, 1414 [2010]).

Equitable estoppel precludes the defendant, whose conduct has induced reliance thereon by the plaintiff, from defending this action by taking a position which is inconsistent with its prior conduct (*see Gray v Met Contr. Corp.*, 4 AD2d 495 [1957]; *see also Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96 [2006]). On January 11, 2005, in connection with the plaintiff's application for an area variance, the defendant, through its legal counsel, supported the plaintiff's application and represented to the Board that the parking lot in question was exclusively dedicated to the plaintiff, and no other tenant had any contractual right relating to the parking lot. The plaintiff relied upon that representation, and the Board granted the plaintiff's application for an area variance upon the condition that the use of the parking lot be exclusively dedicated to the plaintiff.

Therefore, under the doctrine of equitable estoppel, the defendant cannot now take the position that the plaintiff's right to use the subject parking lot is not exclusive (*see Gray v Met Contr. Corp.*, 4 AD2d 495 [1957]; *see also Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96 [2006]). Accordingly, the Supreme Court properly searched the record, awarded summary judgment to the plaintiff on so much of the complaint as sought a judgment declaring, in effect, that, during its occupancy of the subject premises, the plaintiff has the right to the exclusive use of the subject parking lot in accordance with the January 11, 2005, determination of the Board, and made the appropriate declaration and enjoined the defendant from engaging in acts depriving the plaintiff of its use of the subject parking lot. Skelos, J.P., Eng, Hall and Lott, JJ., concur. **[Prior Case History: 24 Misc 3d 1201(A), 2009 NY Slip Op 51215(U).]**